Order reversed, with ten dollars costs and disbursements.

---

IN THE MATTER OF THE ESTATE OF LAWRENCE ODELL, DECEASED.

*Code of Civil Procedure, secs.* 2803, 2804 — *power of a surrogate to order an intermediate account.*

Where a petition, presented to a surrogate under section 2804 of the Code of Civil Procedure, in addition to asking that a decree be made for the payment of an amount claimed by a beneficiary under a will of a decedent, contains, also, a prayer for general relief such as 'the court may deem just, it is within the power of the surrogate, although the answer prescribed by section 2805 is filed, to make, under section 2803 of said Code, an order requiring the testamentary trustee to render an intermediate account.

APPEAL from an order of the Surrogate's Court of the city of New York, entered June 29, 1888, directing testamentary trustees to file an intermediate account.

*Jacob Fromme,* for the appellant.

*Michael H. Cardozo,* for the respondent.

BARTLETT, J.:

Lydia H. Kane, a beneficiary under the will of Lawrence Odell, deceased, presented her petition to the surrogate of the county of New York, alleging that she was entitled to one-half of the income derived from the testator's residuary estate, and praying that the trustees under the will might be directed to pay her $1,500 on

account thereof. The petition also asked that the trustees might be cited to show cause why a decree should not be made for such payment, and why the petitioner should not have such other and further relief in the premises as to the court should seem proper.

The testamentary trustees filed duly verified answers in writing, which, under section 2805 of the Code of Civil Procedure, required the surrogate to dismiss the petition so far as the application for the payment of the $1,500 was concerned; inasmuch as the answers sufficed to show that it was doubtful whether the petitioner's claim was valid and legal. The surrogate accordingly made an order denying the petitioner's application for payment to her of the amount which she demanded, but added to the order a direction that the trustees should file an intermediate account showing, in detail, their receipts and expenditures in the execution of their trust. From this part of the order the trustees appeal on the ground that the surrogate had no power, under the circumstances, to compel an intermediate account to be filed, but was restricted under the law to a simple dismissal of the appellant's petition.

If a petition, under section 2804 of the Code, prayed for nothing except the payment of money or the delivery of personal property out of the trust estate, it would seem that the jurisdiction of the surrogate would not extend further than to dismiss it upon the filing of such an answer as is mentioned in the following section (2805). But where the petition, as in the present case, contains also a prayer for general relief, such as the court may deem just, we think it is within the power of the surrogate, under section 2803, to make an order requiring the testamentary trustee to render an intermediate account. That this power was properly exercised in the present case seems evident.

Order affirmed, with ten dollars costs and disbursements.

Van Brunt, P. J., and Daniels, J., concurred.

Order affirmed, with ten dollars costs and disbursements.