### *In re* TAGGARD'S ESTATE.

### *In re* HEWITT.

(*Supreme Court, General Term, Third Department.*   November 30, 1891.)

TESTAMENTARY TRUSTEE—RELEASE FROM LIABILITY.

> A release out of court, given by a beneficiary under a will to an executor and testamentary trustee, from all liability as such, in consideration of a transfer of the property of the estate to the beneficiary, does not deprive the trustee from thereafter receiving moneys belonging to the trust-estate, and he may be required to file an intermediate account on petition of the beneficiary praying that he be required to account and pay over moneys received by him, or "for such order as may be just." *In re Wagner's Estate,* 23 N. E. Rep. 200, 119 N. Y. 28, distinguished.

Appeal from surrogate's court, Essex county.

Petition by Emma J. Taggard to compel Henry N. Hewitt, executor, etc., of James W. Taggard, deceased, to account for and pay over moneys received by him, etc.   Hewitt appeals from an order of the surrogate requiring him to file an intermediate account of his proceedings as trustee under the will. Affirmed.

The will of James W. Taggard was admitted to probate, February 7, 1867. The appellant since 1872 has been the sole surviving executor thereof.   The testator devised and bequeathed to his executors certain real and personal property, including an hotel and its furniture, in trust, to receive the rents and profits thereof, and pay two-thirds of the same to the petitioner during her life, and, in case the same should be destroyed by fire, to collect the insurance, sell the land, invest the proceeds, and apply the income thereof in like manner.   No inventory was ever filed, or judicial settlement had.   The petition, in addition to the above facts, alleges that the hotel was destroyed by fire in August, 1882, and alleges that the appellant holds in his hands a large amount of money of the rents and income of the estate, no part of which has been paid to her.   The petitioner prayed that the appellant account both as executor and testamentary trustee, and be cited to show cause why he should not pay over, and for other proper relief.   The appellant filed an answer alleging full administration and settlement of the estate, and payment by him in full more than 12 years prior to this proceeding, and the execution by the petitioner September 2, 1878, and delivery to the appellant of a full and absolute discharge.   The answer did not deny that there were moneys in his hands.   It set up various statutes of limitation.   Upon the hearing, the will

of the testator, and also the alleged discharge, were put in evidence.   The following is said release:

"At request of Mrs. Emma Taggard and Mrs. Cordelia F. Taggard, guardian of person and estate of Mary D. Taggard, and as a means of their receiving the rents and income from the estate of J. W. Taggard, deceased, under and by virtue of his will, the undersigned, sole surviving executor thereof, hereby transfers the possession of said estate and leases of said property, and the rents due and to grow due thereon, to be collected by them, and applied according to the terms of said will.   And said executor hereby covenants that the estate is unincumbered; that he has discharged and will discharge all debts of every kind, except for recent repairs on the Sampson store and photograph gallery over it.   And said executor hereby releases said estate from all claims and demands for commissions, attorney's fees, or otherwise, and agrees on request to render said Mrs. Emma and Cordelia Taggard personal services in the affairs of the estate during the life of the former, without other compensation than she may choose to make.   And the said Emma, for herself and the said Cordelia, as guardian, hereby covenants and agrees to save said executor harmless from all claims on account of the rents and income of said estate.   And that this transfer shall be received as a full performance of his duties under the will, and accepted as such, and he is hereby discharged of all liability.                                          H. N. HEWITT.

                                       "MRS. EMMA TAGGARD.
                                       "CORDELIA F. TAGGARD.

"*Dated 2nd September*, 1878."

The surrogate denied the application that the appellant account and pay over as executor, but ordered that he file an intermediate account of his proceedings as testamentary trustee.   The trustee appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Hand, Kellogg & Hale*, (*Richard L. Hand*, of counsel,) for appellant.   *F. A. Rowe*, for respondent.

LANDON, J.   This case differs from *In re Wagner's Estate*, 119 N. Y. 28, 23 N. E. Rep. 200, in that the instrument or release given by the legatees and beneficiaries in that case to the executors purported to be, and in the nature of the case was, in legal effect, a full discharge of the executor from his liability as such; whereas, in this case, the executor was also testamentary trustee, and the moneys coming to his hands were of the income of the property, and, in case of fire, from the insurance, and from sales; and, as he had the power to receive moneys after the execution of the release, that release could only be considered as a discharge of the moneys he had theretofore received, and in no way a discharge of such as he might thereafter receive.   If he has received any moneys since September 2, 1878, he ought to account for them.   The petition does not clearly state that he has received any moneys since that date, but it is alleged that the hotel was destroyed by fire in August, 1882.   It therefore became the duty of the testamentary trustee to collect the insurance, and sell the land, and invest the proceeds, and pay to the petitioner two-thirds of the income thereof.   It is not stated what was done, but the petition alleges that the trustee holds in his hands a large amount of money, the rents and income of said estate, belonging to the petitioner.   The trustee answers, and alleges the settlement of September 2, 1878, but does not deny that he now has money in his hands belonging to the petitioner.   We think the surrogate properly ordered the appellant as testamentary trustee to file an intermediate account.   The order is authorized by Code Civil Proc. §§ 2723, 2803.   Its purpose is to furnish information concerning the estate to those who are entitled to apply for it.   Id. § 2514, subd. 9. It is a discretionary order.   In view of the interest of the petitioner, and her lack of exact knowledge of the proceedings of the trustee, the discretion seems

to have been properly exercised by the surrogate. The account as first rendered will bind no one but the trustee, and, as he is to make it, the presumption is that he will do himself no injustice. It is true that the petitioner did not in terms apply for this order, but she applied for such an order as should be just, and the surrogate granted, as he ought, the order which he deemed most appropriate. *In re Odell*, (Sup.) 4 N. Y. Supp. 859. Thus far we assume the instrument of September 3, 1878, to be genuine. The appeal-book recites that it "was put in evidence," and that implies proof or admission of its execution. But if any further proceeding in the case requires the determination of the question of the execution or delivery of this instrument, it will be proper for the surrogate to determine it. The jurisdiction which enables him to determine its genuineness extends also to its non-genuineness. No equitable jurisdiction is involved, but the mere determination of a fact material to the proper exercise of his statutory jurisdiction. With respect to the statute of limitations, we cannot know, until the account is before us, whether there will be any occasion to consider its application. The order should be affirmed, with costs. All concur.