In the Matter of the Petition of Charles H. Corbett and William H. Hart, Judgment Creditors, for an Order Directing A. J. Graham, Executor, etc., of Chauncey L. Sheldon, to Pay Judgments Rendered against Deceased in His Lifetime.

Charles H. Corbett and William H. Hart, Respondents; A. J. Graham, as Executor, etc., of Chauncey L. Sheldon, Deceased, and Susan R. Sheldon, Appellants.

*Executor and administrator — proceeding by a judgment creditor to enforce payment of a debt — acceptance of an unverified answer, a waiver of objection thereto — the insufficiency of an answer must be objected to — what may be shown under it — solvency of an estate not shown by the inventory.*

In a proceeding brought under the Code of Civil Procedure (§ 2722) by a judgment creditor, to enforce the payment of a debt against the estate of a decedent, the executor filed an unverified answer in which he alleged that the estate was insolvent; that the claim had been settled and compromised during the lifetime of the decedent, and that it was not a legal claim against his estate. No objection was made to the want of a verification, or to the insufficiency of the answer, until after a decree had been made and entered, and the only proof that the executor had assets applicable to the payment of the claim was made by the introduction in evidence of the inventory on file in the surrogate's office.

*Held,* that the creditor, by failing to object in the Surrogate's Court to the fact that the answer was not verified, waived any defect in that regard;

That, by going to trial upon an answer which, among other things, alleged that the judgment was not a legal claim against the estate of the decedent, the creditor waived the alleged insufficiency of the answer, and that under the answer the defendant had a right to show a compromise and settlement of the claim;

That the inventory, unsupported by other proof, did not show that the estate of the decedent was solvent.

Appeal by Albert J. Graham, as executor, etc., of Chauncey L. Sheldon, deceased, and another, from a decree of the Surrogate's Court of the county of Chautauqua, entered in said Surrogate's Court on the 31st day of January, 1895, directing such executor to pay to the petitioners the amount of their claim.

*A. B. Ottaway,* for the appellants.

*Walter L. Sessions,* for the respondents.

WARD, J. :

In December, 1894, Charles H. Corbett and William H. Hart presented a petition to the surrogate of Chautauqua county, setting forth that they were judgment creditors in a judgment entered and docketed in the clerk's office of Chautauqua county on May 10, 1890, for the sum of $659.65 and interest thereon, less $350 paid May 8, 1893. This judgment was against Chauncey L. Sheldon, deceased. The petition alleged that Sheldon had departed this life, leaving a last will and testament, which had been probated and letters testamentary issued thereon to the appellant A. J. Graham, as sole executor of the will; that such executor had qualified and made an inventory of the personal property of the deceased, amounting to $1,933.92, and that the executor had sufficient assets in his hands applicable to the payment of such judgment that could be applied thereon without injuriously affecting the rights of others entitled to payment from the estate of the deceased, and praying a decree requiring the executor to render an account of his proceedings and pay the judgment, and that he be required to show cause why he should not do so. The order to show cause was granted, and upon its return the petitioners appeared by attorney, and the executor also appeared by attorney, and filed an answer entitled in the proceeding, which, among other things, alleged that the estate of the said Sheldon was insolvent, and that there would not be sufficient assets to pay the indebtedness of the said estate and the expense of administration, and further alleged "that the claim mentioned and described in the petition herein was compromised, settled and fully satisfied during the lifetime of Chauncey L. Sheldon, and that the same is not a legal claim against the estate of Chauncey L. Sheldon. Wherefore the executor prays for a decree of the court denying the petition of the petitioners, together with costs." This answer was not verified, although in writing. No objection was made on behalf of the petitioners to the want of such verification, or that the answer was insufficient in any respect, but the parties proceeded before the surrogate to litigate and dispose of the matters stated in the petition and the answer. On behalf of the petitioners the probate of the will of the deceased and the inventory of his estate were proved, as well as the judgment set forth in the petition. The executor offered

in evidence a receipt given by the petitioners to the deceased, which was as follows:

"SHERMAN, N. Y., <em>May</em> 8, 1893.

"Received from C. L. Sheldon three hundred and fifty dollars in full satisfaction for judgment against H. Sheldon & Co., provided a check we have taken against C. C. Bennett is paid when due, which is July 20, 1893. ($333.90 amount check.)

"HART & CORBETT."

Walter L. Sessions was the attorney appearing for the petitioners upon such proceeding, and he admitted in evidence " that the sum of $350, the amount of this receipt (the receipt above given), was paid in full, and he further admits that the check of C. C. Bennett, referred to in said receipt, was paid and constitutes a part of the $350."

The surrogate found sufficient assets out of which said judgment could be paid without injury to the creditors, and directed the payment of the balance claimed upon the judgment of the petitioners out of such assets and refused to dismiss the petition. This proceeding was under section 2722 of the Code of Civil Procedure, which provides that a creditor may take proceedings before the surrogate for the payment of his debt or its just proportional part at any time after six months have expired since letters were granted, and the section further provides that on the presentation of such petition the surrogate must issue a citation accordingly, and on the return thereof he must make such a decree in the premises as justice requires, but must make a decree dismissing the petition without prejudice to an action or an accounting in behalf of the petitioner "where an executor or administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal and denying its validity or legality absolutely or on information and belief." The contention of the appellants is that such an answer has been filed by the executor, and consequently the proceeding should have been dismissed, while the petitioners contend that the answer does not meet the requirements of the statute and was not verified as required by it. Other points are raised by this appeal which it is unnecessary to consider here.

The learned surrogate filed an opinion in the proceeding, which is before us, wherein he seems to concede that he had no authority to try the question whether there had been a valid compromise, settlement or satisfaction of the judgment between the petitioners and decedent under the line of authorities of which *Jaffray* v. *Davis* (124 N. Y. 164) is an instance, but he says the question presented to him was whether the issue was raised by the executor's answer so as to deprive the surrogate of jurisdiction, and he concludes that the executor had failed to file the answer required by section 2722, above cited, in that the answer was not verified and fails to set forth facts showing the legality and validity of the claims or to deny the same, and he then further concludes that the only question before him was whether there was personal property of the estate of the deceased applicable to the payment of the judgment which could be applied without injuriously affecting the rights of others, and he held upon the inventory alone (there being no other evidence of the fact before him) that there was such property in the hands of the executor sufficient to pay the judgment and ordered it to be paid. By failing to object (so far as this record discloses), until after the decree had been made and entered, to the want of verification of the answer, and proceeding to the proof as though the answer was sufficient in that respect, the petitioners waived the objection that they here make and that the surrogate relied upon that it was not verified. A person can waive a statutory and even a constitutional provision in his own favor. (*In the Matter of the Application of the Mayor of New York to Acquire Title to Lands, etc.*, 93 N. Y. 507; *Vose* v. *Cockcroft*, 44 id. 415; *Buel & Others* v. *The Trustees of Lockport*, 3 id. 197.) He can waive the right of trial by jury and many other important rights in legal proceedings, civil and criminal. The objection that a pleading is not verified cannot be taken at the trial (*Schwarz* v. *Oppold & Others*, 74 N. Y. 307), and it is a familiar rule that a party receiving without objection an unverified pleading where a verified one is required, waives the right to object to the pleading for the want of verification. The answer was certainly sufficient under the language of section 2722 of the Code of Civil Procedure to show that it is doubtful whether the

petitioners' claim is valid and legal and. to deny its validity or legality. It alleges that the estate is insolvent and not sufficient to pay the indebtedness of the estate. It alleges that the claim of the petitioners had been settled, compromised and fully satisfied during the lifetime of Sheldon, and was not a legal claim against his estate. The averment that it was not a legal claim against the estate was equivalent to a denial that it was so. The allegation that the claim had been satisfied and settled was sufficient to admit proof of the fact so alleged. The parties so regarded it upon the proceeding before the surrogate and gave proof upon the issues raised by the pleadings. That proof showed a compromise and settlement of the petitioners' claim sustaining the allegations of the answer to the extent of creating a disputed claim or question as to whether there was an accord and satisfaction or whether the estate in equity was entitled to relief or a discharge, either in part or in whole, from the judgment, which the Surrogate's Court had no jurisdiction to try. (*McNulty, as Administratrix,* v. *Hurd,* 72 N. Y. 518; *Jaffray* v. *Davis,* 124 id. 164, *supra;* and see cases cited at page 520, 72 id. *supra.*)

The surrogate should have dismissed the proceedings for want of jurisdiction.

Another difficulty appears in the way of the petitioners; the surrogate adjudged that the deceased left property sufficient to pay his debts. There was no proof before him, so far as appears by the record before us, to justify such a conclusion.

The inventory upon which the surrogate seems to have relied was the only proof and that was insufficient.

The decree appealed from should be reversed, without costs to be paid by the respondents.

BRADLEY and DAVY, JJ., concurred; LEWIS, J., not voting.

Surrogate's decree reversed, without costs.