908

police court had jurisdiction, and a conviction was authorized. Const.. art. 6, § 23; Code Cr. Proc. §§ 56, 74; Pen. Code, § 725, subd. 3; Charter of City of Syracuse, §§ 52, 53.

The writ dismissed, and relator remanded.

As the term of imprisonment of the relator will expire before he can have this decision reviewed by the appellate division, a stay is granted upon the relator's giving an undertaking in the sum of $300.. But if an appeal is not taken within three days from the entry of an order hereon, or the relator does not serve his case upon the district attorney within twenty days thereafter, or does not argue or submit the appeal at the June term of the appellate division, then, upon his default in any of these particulars, the stay herein will be vacated without notice.

Ordered accordingly

(20 Misc. Rep. 157.)

## In re STEVENS' ESTATE.

(Surrogate's Court, Cattaraugus County. April, 1897.)

1. TRUSTS—DISCRETIONARY POWERS OF TRUSTEE.
A fund was bequeathed to a trustee to pay the income to testator's son for life, with a direction that if, in the judgment of the trustee, it should at any. time become necessary to use any part of the principal for the support of the son, the trustee should use such part thereof as might be necessary to save said son from want and suffering. Held, that the trustee was not given an arbitrary discretion in regard to the use of the trust fund.

2. SAME—COMPELLING TRUSTEE TO PAY MONEY—JURISDICTION OF SURROGATE'S COURT.
Code Civ. Proc. § 2805, provides that a petition to the surrogate's court to compel a testamentary trustee to pay money shall be dismissed, if the trustee files a verified answer stating facts which show that it is doubtful whether petitioner's claim is valid and legal, and denying its validity or legality. Held, that an answer need not, in specific terms, deny the validity or legality of the claim, but it is sufficient if it contains such denial in substance.

3. SAME—ANSWER OF TRUSTEE.
A testamentary trustee was authorized by the will to use so much of the principal of the trust fund as might be necessary to save the life beneficiary from want and suffering. The beneficiary filed a petition to compel the trustee to apply a part of the fund to his support, alleging that he was in want, and suffering for the necessaries of life. The trustee filed a verified answer, alleging that petitioner, in addition to his farm and personal property, had an income of $275, and denying on information and belief that he was in want, or suffering for the necessaries of life. Held, that such answer sufficiently denied the validity or legality of petitioner's claim (Code Civ. Proc. § 2805) to require the surrogate's court to dismiss the petition.

Petition by George R. Stevens for a decree requiring the trustee under the will of Jared Stevens to pay over for the support of petitioner a part of the principal of the trust fund. Dismissed.

John J. Inman, for petitioner.
Goodwill & Benson, for trustee and other legatees.

DAVIE, S. The will of Jared Stevens was admitted to probate February 20, 1893, and contained, among other provisions, the following:

"I direct my executor hereinafter named to divide the residue of my estate into three equal parts; that he pay one of such parts to my daughter Harriet, which I hereby give and bequeath to her absolutely as her own; that he pay one other of such equal parts to my daughter Rachel Huntington, widow of Henry Huntington, which share I will and bequeath to her absolutely and as her own. I direct my executor, hereinafter named, to take the remaining equal part, and invest the same, and keep the same safely invested, to pay the interest accruing thereon at least once each year to my son, George R. Stevens, so long as he shall live. If at any time, in the judgment of my executors, it shall become necessary to use any part or portion of said sum so hereby directed to be invested for the support of my said son George, I hereby authorize and direct him to use such part thereof, from time to time, as shall be necessary to keep my son from want; but no part thereof shall be used, excepting such sums as may be necessary to save him from want and suffering."

By the fifth item of the will the residue of this fund remaining at the death of the beneficiary, George R. Stevens, is devised and bequeathed to three other children of the testator absolutely. The executor procured a judicial settlement of his accounts on the 23d day of April, 1894, and the decree entered thereon established the amount of such trust to be $1,948.96, and contained the following provision: "That the remainder of said sum, to wit, $1,948.96, the said executor retain in his hands as trustee, agreeable to the provisions of said will." On the 25th day of May, 1895, the beneficiary, George R. Stevens, filed a petition alleging the making and probate of such will, and containing the further allegation, as follows:

"Your petitioner further shows that he is now, and for many months last past has been, in want, and suffering for the necessaries of life; that your petitioner is now, and for several years last past has been, in very poor health, and suffering from rheumatism, and in such a condition physically as he has been unable, and has been for a long time, to perform very little manual labor."

The petition contains other allegations relating to petitioner's limited means and his inability to provide himself and family with the ordinary necessaries of life, and asks that a decree be made directing the trustee to pay over to him a part of the principal of said trust fund. On the return of the citation issued thereon, the trustee appeared and filed an answer, duly verified, which admitted the probate of the will; alleged that the petitioner, in addition to his farm and personal property, had an income of $275, and that all interest accruing on said funds had been paid to the petitioner; and denied upon information and belief that the said petitioner was or had been in want or suffering for the necessaries of life. A supplemental citation was thereupon issued to the residuary legatees of such trust fund, and on the return thereof they, with the trustee, appeared, and objected to any decree being made allowing the petitioner any portion of the principal of such fund. Various witnesses were called and examined, and gave testimony regarding the physical and financial condition of the petitioner, and it is quite apparent from all the evidence in the case that the allegations of the petition regarding petitioner's necessities are well established; but upon the final submission of the case two propositions are urged on behalf of the trustee and the residuary legatees: First, it is asserted that by the terms of the will the trustee is given an arbitrary discretion, and, having exercised such discretion adversely to the petitioner, his determination is conclusive;

and, second, that the answer filed is sufficient under the provision of section 2805, Code Civ. Proc., to oust the court of jurisdiction.

The first proposition is not tenable. While it is true that the trustee is clothed, by the terms of the will, with certain discretionary powers, he is bound to exercise such discretion reasonably. It was evidently the intention of the testator, while he had deprived the petitioner of the control of the principal fund, to provide proper and reasonable means for the use of such fund to keep the petitioner from want and suffering; and when the trustee refuses to make such use of the fund as the testator evidently designed, it becomes the duty of the court to interfere, and control the actions of the trustee. But the serious question is that of jurisdiction. It must be borne in mind that this is not a proceeding for an accounting where the surrogate's court necessarily possesses power to construe a will, and to determine certain issues, in order that distribution might be made; but it is a special proceeding to compel the payment of a legacy. In such a case the Code provides that:

"Upon the return of a citation, issued as prescribed in the last section, if the testamentary trustee files a written answer, duly verified, setting forth facts, which show that it is doubtful, whether the petitioner's claim is valid and legal, and denying its validity .or legality, absolutely or upon his information and belief, a decree must be made, dismissing the petition, without prejudice to an action in behalf of the petitioner for an accounting." Section 2805, Code Civ. Proc.

The answer does not, in specific terms, "deny the validity or legality" of the petitioner's claim, but, in substance and effect, it contains such allegations. Moreover, it states certain facts, which, if true, render the nature of the claim doubtful. In determining such jurisdictional question the allegations of the answer are to be taken as true. It is the answer itself which ousts the court of jurisdiction.

By the terms of the will no part of the principal sum of this trust fund is bequeathed to the petitioner in the first instance. He only becomes entitled to it upon the happening of a certain event. If the executor had admitted that such event had occurred, then there would be no difficulty in controlling the exercise of discretion on the part of the testamentary trustee, and granting the relief sought; but no such admission is made. On the contrary, the executor distinctly denies that such event has happened. This presents an issue which it is very doubtful if the surrogate's court has jurisdiction to try in a proceeding of this kind. Surrogates' courts have only such powers as have been conferred by statute. McNulty v. Hurd, 72 N. Y. 520. Where the executor denies that a claimant is the person who comes within the description of residuary legatee and devisee, the surrogate has no authority to try the question. Fiester v. Shepard, 27 Alb. Law J. 373. Where the administrator of a legatee applies for the payment of a legacy, an answer that the legatee in his lifetime assigned the legacy, and that it had been paid to the assignee, ousts the court of jurisdiction. Mumford v. Coddington, 1 Dem. 27. An answer that the legatee, at testator's death, owed him more than the legacy, has the same effect. Smith v. Murray, 1 Dem. 34; In re Charlick's Estate, 11 Abb. N. C. 56; Hurlburt v. Durant, 88 N. Y. 121. The insufficiency or informal nature of the answer filed was waived by the

petitioner failing to object to the answer. In re Corbett, 90 Hun, 182, 35 N. Y. Supp. 945. The testamentary trustee should file a supplemental account showing the total amount of interest accruing upon such trust fund, and should pay the amount remaining unpaid to the petitioner. In all other respects, the petition should be dismissed, without prejudice to an action on behalf of the petitioner for the purpose of determining his rights.

Decreed accordingly.