(156 App. Div. 363.)

## In re ROBINSON'S ESTATE.

(Supreme Court, Appellate Division, Second Department.   April 30, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 314*)—DISTRIBUTION OF ESTATE—JU-
    RISDICTION OF COURT.

    Code Civ. Proc. §§ 2804, 2805, authorizing a petition for a decree to
    compel distribution, do not contemplate an accounting, and an answer
    of executors in response to a petition for a decree distributing income
    received and to be received by them, which alleges that they had paid
    all income up to a specified date, and that between subsequent dates they
    had collected a specified sum, but had paid it out for taxes and upkeep,
    shows facts rendering it doubtful whether petitioner's claim is legal, and
    the petition must be dismissed without prejudice to an action for an ac-
    counting.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent.
    Dig. §§ 1274-1297; Dec. Dig. § 314.*]

2. EXECUTORS AND ADMINISTRATORS (§ 468*)—ACCOUNTING—JURISDICTION OF
    COURT.

    Where a petition for a decree for a distribution of income received and
    to be received by executors prayed for general relief, the surrogate could
    order an accounting under Code Civ. Proc. § 2803, where the answer of
    the executors showed that the petition could not be sustained as a pe-
    tition for distribution authorized by sections 2804 and 2805.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent.
    Dig. § 1999; Dec. Dig. § 468.*]

3. EXECUTORS AND ADMINISTRATORS (§ 314*)—DISTRIBUTION OF ESTATE—JU-
    RISDICTION OF COURT.

    A petition under Code Civ. Proc. § 2722, for a decree for distribution
    of income received and to be received by executors, is subject to the re-
    strictions imposed by sections 2804 and 2805, authorizing a petition to
    compel payment of legacies.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent.
    Dig. §§ 1274-1297; Dec. Dig. § 314.*]

Appeal from Surrogate's Court, Dutchess County.

In the matter of the estate of Phebe H. Robinson, deceased.   From
a decree of the Surrogate's Court directing a distribution of income
received and to be received by executors of deceased, D. Remsen Rob-
inson and Edward E. Perkins, executors, appeal.   Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, and
RICH, JJ.

George Worrall, of Poughkeepsie, for appellants.

Payson Merrill, of New York City (Alfred H. Holbrook, of New
York City, on the brief), for respondent.

JENKS, P. J.   This appeal is from a decree of a Surrogate's Court
that directs a distribution of income received and to be received on the
principal of the estate of Phebe H. Robinson, deceased.   After a de-
vise of certain realty, the testator gave her estate to her executors in
trust during their lives, and that of the survivor to apply the rents,
issues, and profits to the use of her two children and a grandchild re-
spectively, to be paid quarterly.   The letters testamentary were issued

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on October 11, 1910. On October 11, 1911, the executors filed an account in the office of the surrogate, with petition for judicial settlement. Two of the beneficiaries appeared and asked to examine the executors in order to determine the question of objections. One of the executors was examined and several hearings were had, but before any objections were filed, and before any decree was made, two of the said beneficiaries brought an action in the Supreme Court against the executors, wherein they demanded judgment inter alia that the said defendants be removed as trustees, that they turn over all moneys in their hands as executors and trustees to a receiver to be appointed, that they account as executors or trustees, and that said defendants be enjoined pendente lite from proceeding with the accounting in the said Surrogate's Court. The plaintiffs in the action in the Supreme Court obtained an injunction pendente lite which restrained the defendants from taking further proceedings in the accounting then pending in the Surrogate's Court until the final determination of the action. The surrogate upon application of the said beneficiaries had theretofore made a decree directing distribution of income shown in the account, which was obeyed.

This proceeding was begun by petition of one of the said beneficiaries to the Surrogate's Court on the showing that the defendants subsequent to any distribution of income had collected further moneys payable to the beneficiaries, which were in their hands, praying for "a decree" for the prompt payment of her share of the income which had accrued and asking for a citation to the defendants to show cause why such decree should not be made. The appellants were thereupon cited, and filed an answer wherein they called attention to the said Supreme Court action, the injunction order therein, and pleaded that after deducting from the income received by them subsequent to the last payments to the beneficiaries, all expenses, and taxes properly chargeable against the same, there would not remain in the hands of the executors "any income for distribution to the legatees." To sustain this plea they set forth certain facts. Thereafter further proceedings were had in the Surrogate's Court. The petitioner at the outset called one of the executors as a witness, whereupon his counsel objected to his examination in that proceeding as to any amount received and disbursed by the executors, on the ground that an action had been commenced in the Supreme Court for an accounting wherein these executors had been enjoined from accounting in the Surrogate's Court. This objection was overruled under exception. The account filed on October 10, 1911, was offered in evidence under objection under the same grounds and exception, and was then read in evidence and the executor was examined. The petitioner at the close of the direct examination rested, and thereupon the executors offered certain proof to sustain their contention. The surrogate thereupon made certain findings of fact and conclusions of law, which in effect disposed of the contention of the executors that no income was then on hand payable to the beneficiaries, and determined that a certain amount, to be ascertained by prescribed deductions, should as accrued income in their

hands be paid to the beneficiaries. Various findings and a conclusion proposed by the executors were also passed upon by the surrogate. A decree was entered in accord with the findings in favor of the petitioner, and from that decree this appeal was taken. The surrogate found at the request of the executors that the said injunction in the Supreme Court enjoins an accounting in the Surrogate's Court, that it was still in force, and so long as it was in force the petitioner was estopped from compelling the executors to account in the said Surrogate's Court.

The contention of the respondent rests upon the fact that the injunction order in the Supreme Court provides as follows:

"This injunction does not prevent the said executors and trustees from receiving and disbursing the income from the estate of the said Phebe H. Robinson as provided in said will."

The learned counsel for the respondent contends that this proceeding is properly brought, either under subdivision 2 of section 2722 or under sections 2804 and 2805 of the Code of Civil Procedure.

[1] I shall first consider the said sections 2804 and 2805. See Matter of Hunt, 110 App. Div. 533, 97 N. Y. Supp. 403. Section 2804 prescribes the presentation of a petition praying for a decree and for a citation to the testamentary trustee to show cause why a decree should not be made. Such citation must follow in course. Section 2805 prescribes upon the return of the citation, if the testamentary trustee files a written answer duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal and denying its validity or legality absolutely, or upon his information and belief a decree must be made dismissing the petition without prejudice to an action on behalf of the petitioner for an accounting, otherwise the surrogate must hear the allegations and proofs of the parties, and must make such a decree in the premises as justice requires. I think it clear enough beyond discussion that these provisions do not contemplate a proceeding in the nature of an accounting, else there would be no provision in section 2805 as to an accounting. Moreover, section 2803 provides for an intermediate account at any time, so that it is not likely that the provisions of the section immediately following should contain a repetition of remedies. I think that the answer filed in this case shows sufficient facts within the requirements of section 2805 to show that the validity and legality of the claim is doubtful. The contention in brief is that the appellants had paid all income up to and including April 10, 1912; that from April 10, 1912, until July 10, 1912, they had collected $7,553.10; that up to that time they had paid out the following expenses which they contend were a proper charge against the income, taxes $4,062, upkeep of certain realty $1,427.85, and that in making the payments on account heretofore no deductions were made for certain expenses or for the amount due for commissions. In Hurlburt v. Durant, 88 N. Y. 121, in construction of a statute of similar terms, the court said:

"Do the affirmative facts stated make the petitioner's claim of doubtful validity? First. The defendant was entitled at some time and from some

source to his commissions upon paying to the various legatees the sums provided for them. The point now in controversy is, Was there a bona fide claim on his part that they should be paid from the legacies, or was it so entirely clear that they should come out of the general estate as to make his claim a mere pretense?"

See, too, Matter of Stevens, 20 Misc. Rep. 157, 45 N. Y. Supp. 908. I think that, if the answer indicates doubt as to validity and legality of the claim, the surrogate cannot proceed as if on an accounting to resolve the doubts by hearing the allegations and by taking proof. I think that the limitation in the injunction order (supra), but permits the disbursements of income as to which there can be no proper question; otherwise it would nullify the very order itself.

[2] Inasmuch as the petition asks for general relief, it would have been in the power of the surrogate to have ordered an immediate accounting under section 2803 of the Code of Civil Procedure (Matter of Odell, 52 Hun, 88, 4 N. Y. Supp. 859, per Bartlett, J.), but for the fact that the petitioner has enjoined that accounting by her affirmative action in the Supreme Court.

[3] I think that my discussion of sections 2804 and 2805 is germane to the provisions of section 2722 invoked by the petitioner. See Jessup on Surrogate's Practice (4th Ed.) p. 1052.

I think that the decree must be reversed, with costs to the appellants payable out of the estate. All concur.