### In re AKIN'S ESTATE.

(Surrogate's Court, New York County. February 20, 1914.)

1. TRUSTS (§ 271*)—TESTAMENTARY TRUSTEES—DISCRETION—TRIAL BY SURROGATE.

Where testamentary trustees were given discretion to pay the entire income from the trust fund or any part thereof to the beneficiary for life or to his wife, the surrogate will not interfere with the reasonable exercise of such discretion.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 380, 381; Dec. Dig. § 271.*]

2. TRUSTS (§ 280*)—TRUSTEES—ACCOUNTING BEFORE SURROGATE—DOUBTFUL CLAIM—DETERMINATION.

Where testamentary trustees were given a discretion to pay the entire income of a trust fund to the beneficiary for life or to his wife, and such beneficiary applied to the surrogate for an order requiring the trustees to pay the entire income to him, alleging that he had secured an absolute divorce from his wife in a foreign state, his right to such relief was at least doubtful, depending on whether he had obtained such divorce and whether, if he had, it was such as would be recognized in New York, which questions would not be determined by the surrogate on an application for the payment of a debt or legacy as provided by Code Civ. Proc. § 2804.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 400; Dec. Dig. § 280.*]

Judicial settlement of the estate of Sarah Akin. Petition by Oscar Clark Miller for an order directing Albro Akin and Aymar Sands, trustees under the will, to pay over to petitioner the entire income of the trust fund. Denied.

Edward G. Delaney, of New York City, for petitioner.
Paul E. Whitten, of New York City, for trustees.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FOWLER, S. This is a proceeding under section 2804 of the Code of Civil Procedure. The petitioner, Oscar Clark Miller, alleges that he is a legatee and beneficiary named in the codicil of the last will and testament of Sarah Akin, deceased, that he is entitled to the entire income of the trust fund mentioned in the said codicil, and he asks the surrogate to direct the trustees to pay the said income to him. The codicil referred to reads as follows:

"I give and bequeath to my trustees the sum of twenty-five thousand dollars ($25,000), to have and to hold the same for the following uses and purposes: To invest the same in such securities as are directed in my said will in respect to such sums as are given in said will to my trustees in trust; to collect the rents, income and profits thereof, and in their discretion and from time to time to pay the whole of the net income arising therefrom either to my nephew, Oscar Clark Miller, or to his wife, Julia Miller, or a portion of such net income to one, and the remaining portion to the other, during the term of the life of the said Oscar Clark Miller, and upon and after his death to divide and pay over the said principal sum in equal shares to and among his surviving children and the issue of such of them who may then be dead, such issue taking the share which their parent would have taken if he or she had survived the said Oscar Clark Miller."

Albro Akin and B. Aymar Sands were named as executors and trustees in the last will and codicil of the decedent, and they have accepted the trust. On May 20, 1911, they filed their account as executors and paid to themselves as trustees the corpus of the estate directed to be held in trust for the purposes mentioned in the will and codicil of the decedent. From the date of decedent's death to July 1, 1913, the executors and trustees paid to Oscar Clark Miller the sum of $1,200, and to Julia Miller, his wife, the sum of $1,720.64. On or about December 27, 1913, B. Aymar Sands, Esq., one of the trustees, received a communication from the attorney for Mr. Oscar Clark Miller notifying him that on or about the 23d of December, 1913, the said Oscar Clark Miller obtained in the Second district court of Washoe county, state of Nevada, a decree of absolute divorce from his wife, Julia Miller, and further notifying B. Aymar Sands, Esq., to pay no sums of money or installments of income to the said Julia Miller by reason of the bequest contained in the codicil to the will of Sarah Akin, deceased. On or about December 29, 1913, the trustees under the last will and codicil of Sarah Akin, deceased, notified the attorney for Oscar Clark Miller that by virtue of the discretion vested in them by the codicil to the will of the decedent they would pay the entire income of the trust fund, which had accrued to January 1, 1914, to Julia Miller, and that no part of it would be paid to Oscar Clark Miller. The answer of the trustees denies that they have any knowledge or information sufficient to form a belief as to the allegation that Oscar Clark Miller obtained a decree of absolute divorce from Julia Miller in the Second district court of Washoe county, state of Nevada. It also denies other material allegations of the petition. It further denies the validity or the legality of the claim of the petitioner.

[1] As the testamentary trustees are given discretion under the codicil to the will of the decedent to pay the entire income from the trust fund of $25,000, or any part thereof, to Oscar Clark Miller, or

to his wife, Julia Miller, the court will not interfere with the reasonable exercise of that discretion.

[2] Whether the petitioner has a valid claim against the testamentary trustees for the whole or any part of the income accruing from the bequest of $25,000 is dependent upon the determination of the following questions: First, whether the petitioner obtained a decree of absolute divorce from his wife, which decree will be recognized by the courts of this state. Second, whether in the event of such a decree of divorce having been granted, Julia Miller did, because of such divorce, become incapacitated from receiving any part of the income which the trustees in their discretion might decide to pay to her. These questions, however, cannot be determined by the surrogate in this proceeding. When the answer indicates that there is doubt as to the validity and legality of the petitioner's claim, the surrogate cannot proceed as on an accounting to resolve the doubt by hearing the allegations and taking proofs. Matter of Robinson, 156 App. Div. 364, 141 N. Y. Supp. 470. The facts alleged in the answer, together with the denial therein of many of the material allegations of the petition, render doubtful the validity of petitioner's claim; and, when it is doubtful whether the petitioner's claim is valid and legal, the petition should be dismissed. Hurlburt v. Durant, 88 N. Y. 121. The prayer for relief is that a decree be made directing payment to the petitioner of the net income from the trust fund up to the 1st day of January, 1914. There is no prayer for general relief. The surrogate therefore can only dismiss the petition, without directing any other form of relief to which the petitioner might be entitled under a prayer for general relief. Matter of Odell, 52 Hun, 88, 4 N. Y. Supp. 859.

The application will be denied, and the petition dismissed.