In the Matter of the Estate of LUDWIG DREYFUSS, Deceased.

Surrogate's Court, New York County, December 5, 1934.

*Moses & Singer* [*Herman G. Kopald* and *Felix A. Fishman* of counsel], for the executors, petitioners.

*Donovan, Leisure, Newton & Lumbard* [*Philip F. Farley* of counsel], for the President of the Chamber of Commerce and Mayor of Mannheim.

*Jacob A. Wolf* [*Maxwell Handelsman* of counsel], for Robert Levy, formerly known as Robert Stein, an heir at law.

*Emil Goldmark* [*John A. Sherman* of counsel], for the Federation for the Support of Jewish Philanthropic Societies of New York City.

*Cardozo & Nathan* [*Edgar J. Nathan, Jr.*, of counsel], for the Jewish Social Service Association, Inc.

DELEHANTY, S.  Deceased died March 6, 1918, leaving a will dated shortly theretofore which placed in trust the entire estate of deceased for the life of his wife.  The latter died January 18, 1934, and by the terms of the will disposition must now be made of the corpus of the estate.

A portion of the will providing for disposition of this corpus says: " (a) To the Mayor (Burgomeister) and the President of the Chamber of Commerce (Vorsitzender der Handelskammer) in the City of Mannheim in the Grand Duchy of Baden, Empire of Germany, and to such other person as they may jointly designate, the sum of Twenty-five thousand Dollars ($25,000) the income alone thereof to be distributed by them among such benevolent, philanthropic or educational corporations or associations of a charitable nature in said City of Mannheim, in such proportions and in such manner as they may, in their discretion determine. This bequest is made in memory of my parents Daniel and Wilhelmina Dreyfuss."

Petitioning executors ask for a construction of this provision of the will.  They contend that the legacy therein fails because the donees have become non-existent by reason of political and social changes in the former Grand Duchy of Baden and the former Empire of Germany.  They contend also that since the fund is given in trust the legacy is invalid because the trustees are incompetent to act.  They contend further that no substitution may be made.

The gift is not invalid because made to trustees in a foreign country.  (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Hope* v. *Brewer*, 136 id. 126; *Mena* v. *Virnard*, 124 Misc. 637.)

If there were inability of the trustees to take, the trust would nevertheless be subject to administration.  (*Matter of Miller*, 149 App. Div. 113; *Cross* v. *United States Trust Company*, 131 N. Y. 330, 350.)

The courts will enforce such gifts as that here made (*St. John* v. *Andrews Institute*, 191 N. Y. 254), and if necessary will conduct an inquiry as to the validity of the bequest under the law of the foreign State.  (*Mount* v. *Tuttle*, 183 N. Y. 358; *Robb* v. *Washington & Jefferson College*, 185 id. 485, 496.)

If counsel are unable to agree upon the facts respecting the existence or non-existence of the offices in the city of Mannheim answering the description in the will and upon the powers of the persons holding such offices, the court, on application of counsel, will fix a date for hearing and will take proof thereon. Proceed accordingly.