In the Matter of the Estate of EMMA T. GARY, Deceased.*

Surrogate's Court, New York County, June 11, 1935.

*Chadbourne, Stanchfield & Levy* [*George W. Whiteside* of counsel], for the executors, petitioners.

*Satterlee & Canfield* [*Thomas F. Compton* and *James J. Irwin, Jr.*, of counsel], for the respondent, Elma L. Quirin, limited ancillary executrix of Eliza C. Brundage, deceased, sole distributee of intestate property of the estate of Emma T. Gary.

*John J. Bennett, Jr., Attorney-General*, by *Robert P. Beyer, Assistant Attorney-General*, of counsel.

*De Forest, Cullom & Elder* [*John M. Harlan* and *Vincent R. Smalley* of counsel], for the Metropolitan Museum of Art.

*Thomas A. McGrath*, for general guardians of Lewis Nixon, 3d, and John Kiser, Jr., infants.

*Cadwalader, Wickersham & Taft*, for The Samaritan Home for the Aged of the City of New York.

*Updike Brothers*, for the Commissioners of Fairmount Park, City of Philadelphia.

* Affd., 248 App. Div. 373.

FOLEY, S. In this proceeding brought for the construction of the will additional relief is prayed for by the executors for instructions and directions to them. They ask that the court confirm the acceptance by the Metropolitan Museum of Art in the City of New York of certain gifts under the will as modified by conditions attached to such acceptance by the Museum. The action of the executors is ratified and approved by the surrogate. The acceptance by the Metropolitan Museum of Art and the conditions attached by it to the gifts are likewise ratified and approved by the court.

It is unnecessary to discuss at length the facts and the law involved in this controversy. The sweeping and comprehensive grant of power, discretion and judgment given by the testatrix to the executors as to the acceptance of the bequest and as to the conditions attached to it would be sufficient of itself to confirm the arrangement made by them with the Museum. Their judgment, under the terms of the will, was made " final, conclusive and binding, on all parties in interest." In the arrangement which the executors have made with the Metropolitan Museum of Art, the greatest measure of effect has been obtained in carrying out the general intent and purpose of the testatrix as expressed in the will. I specifically find that they have acted in the utmost good faith.

Entirely aside from the proper exercise of their judgment and discretion, and its finality under the terms of the will, the surrogate is of the opinion that the disposition made by the Metropolitan Museum of Art and the executors and proposed sale of the jewelry owned by decedent and application of the proceeds of sale should be ratified and confirmed under the *cy pres* powers of the court. (Pers. Prop. Law, § 12, subd. 2; *Matter of Swan*, 237 App. Div. 454; affd., 263 N. Y. 638; *Sherman* v. *Richmond Hose Co.*, 230 id. 462; *Matter of MacDowell*, 217 id. 454; *Trustees of Sailors' Snug Harbor* v. *Carmody*, 211 id. 286; *Matter of Griffin*, 167 id. 71; *Matter of Walter*, 150 Misc. 512; *Matter of Harrington*, 243 App. Div. 235.) The result attained will most effectually accomplish the general purposes of the bequest as expressed by the testatrix.

The proposed immediate sale of the jewelry is authorized and directed. Submit decree on notice accordingly.