In the Matter of the Estate of ABRAHAM L. DANZIGER, Deceased.

Surrogate's Court, New York County, October 11, 1939.

*Mitchell, Taylor, Capron & Marsh*, for the trustee, petitioner.

*William C. Chanler, Corporation Counsel [Joseph G. De Vito* of counsel], for S. S. Goldwater, as commissioner of hospitals of the city of New York.

*John J. Bennett, Jr., Attorney-General [Robert P. Beyer* of counsel], for the State of New York.

*Parker & Duryee [George C. Heck, Jr.,* of counsel], for The Social Service Auxiliary to the City Hospital of the Department of Public Welfare of the City of New York, Inc.

*Frederick E. Emmerich,* for the Knickerbocker Hospital.

*John A. Dutton*, for the trustees of the Masonic Hall and Asylum Fund.

*Oscar S. Rosner*, for the Hospital for Joint Diseases.

*J. Hunter Lack*, for The House of St. Giles the Cripple.

FOLEY, S.   A question of construction is presented for determination which involves the ascertainment of charitable institutions intended by the testator to be the objects of his bounty.   By the fifth paragraph of the will he created a trust for the life of his brother, with provisions for the payment of income to him.   The life tenant survived the testator and died on March 24, 1938.   In lengthy and minute instructions he directed his trustee, the City Bank Farmers Trust Company, to apply the income, in part before the death of his brother and wholly after his death, to the social service boards of such public hospitals as were selected by a committee of certain officers of the corporate trustee.   The committee designated six hospitals exclusively operated by the city of New York and three additional hospitals maintained in part by the city and in part by private funds.   The testator's plan comprehended supplying needy and poor patients (without regard to creed or color), who were treated by the hospitals, with surgical appliances such as crutches, braces and other instruments necessary for sick and crippled persons.

Dispute arises as to whether the terms of the will restricted the selection of the hospitals to those exclusively maintained by the city of New York, as contended by its representative, or, as urged by counsel for the trustee and for the designated institutions, whether the class of beneficiaries also included institutions maintained in part from private financing and in part by the city.

The surrogate sustains the latter contention and holds that the committee vested with power to choose acted within the authority conferred by the will in selecting the three additional institutions as recipients of income.   The six exclusively maintained city hospitals chosen were Bellevue, Harlem, City, Morrisania City, Fordham and Gouverneur hospitals.   The three additional hospitals selected were Knickerbocker Hospital, The House of St. Giles the Cripple and the Hospital for Joint Diseases.   The surrogate finds as a fact upon the evidence that the latter group of three institutions are partially maintained by the city.   That finding is based upon the language of the will.   In addition it should be noted that section 981 of the New York City Charter defines an " agency " as including " a corporation, institution * * *, the expenses of which are paid in whole or in part from the city treasury."   Other sections of the charter subject such corporations and institutions to supervision by the mayor, the board of estimate, the commissioner of hospitals and other officials.

In testamentary construction the language used by the testator is of primary importance. His directions were that the income was to be expended " through the Social Service Boards of such charitable public hospitals, from time to time maintained in whole or in part by the City of New York under the same or a similar system as that under which the hospitals now known as ' Bellevue and Allied Hospitals ' are at present maintained." The contention of the representative of the city of New York that only city maintained institutions be selected ignores the inclusion of the words " maintained in whole or *in part* by the City of New York." There is no justification for the deletion by judicial mandate of the phrase " in part."

Further indication of the intent to grant authority to select hospitals partially maintained by the city is found in the subsequent language which provided that if the city of New York should at any time provide ample funds for the carrying out of the charitable purposes contemplated by the testator, other institutions might be selected. Appropriation of sufficient city funds to maintain the auxiliary services of strictly city hospitals would render unnecessary any contribution to them from the estate. Thereupon the testator visualized an alternative group of recipients.

In the interpretation of the intent of a testator, " Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant. Excision is a ' desperate remedy.' " (CARDOZO, J., in *Matter of Buechner*, 226 N. Y. 440, 443.) It is only as a last resort that the deletion of words or phrases is to be applied and then only after all efforts to reconcile the inconsistence have failed. (*Van Nostrand* v. *Moore*, 52 N. Y. 12, 20.) Certainly there is no reason or justification to resort to excision in the present will. The beneficent purposes of the testator are clearly expressed and the agencies which he chose are plainly identifiable.

The surrogate specifically holds that the reference to Bellevue Hospital in the will as a type of instrumentality was not intended to limit the previous language. The testator undoubtedly had in mind the efficient services rendered by the social auxiliary services of that institution as a type of a beneficence that he wished carried out. He did not intend by the reference to that institution to confine the agencies to those hospitals maintained wholly by the city.

In conclusion it should be noted that under additional terms of the same paragraph of the will the judgment of the trustee through its officers in the selection of the institutions was made conclusive and " not subject to review and my said Trustee shall be absolutely

protected in proceeding in accordance with any decision made by it with regard to any such matter." That broad grant of discretion may not be controlled by municipal or State intervention. Nor may it be regulated by judicial veto unless there be a violation of the terms of the will or arbitrary abuse of the authority conferred upon the trustee. (*Matter of Liberman*, 163 Misc. 105; affd., 253 App. Div. 884; affd., 279 N. Y. 458; *Matter of Swilling*, 249 App. Div. 415; affd., *sub nom. Matter of Ashner*, 274 N. Y. 494; *Matter of Gary*, 161 Misc. 351; affd., 248 App. Div. 373; affd., 272 N. Y. 635; *Matter of Sand* v. *Beach*, 270 id. 281, 284, 285; *Hamilton* v. *Drogo*, 241 id. 401, 404; *Matter of Hilton*, 174 App. Div. 193; *Matter of Cowen*, 148 Misc. 35.)

There is not the slightest evidence of such conduct in the present situation.

Submit decree on notice construing the will accordingly.