In the Matter of the Will of ELISHA WHITTELSEY, Deceased.

Surrogate's Court, New York County, April 10, 1943.

*De Forest & Elder* for The Metropolitan Museum of Art, petitioner.

*Rathbone, Perry, Kelley & Drye* for trustees of Corcoran Gallery of Art, respondents.

FOLEY, S. In this proceeding brought to obtain a construction of the will, a question as to the validity of a direction for the accumulation of income is raised. The residuary estate was placed in trust for the benefit of the widow of the testator for life. At her death directions were given for the turning over of the corpus of the fund to The Metropolitan Museum of Art, subject to certain conditions. That institution was required to set aside and apply the income of the fund for the purchase of certain objects of art to be exhibited under the name of the testator as " The Elisha Whittelsey Collection."

The latter direction, however, was made subordinate to a further direction that if the principal was impaired the entire income of the fund should be accumulated by the Museum until the total amounted to the value of the estate as fixed in the transfer tax proceeding.

That value was determined to be $794,535.37.

At the death of the life tenant on February 25, 1941, the value of the fund was approximately $335,000.

By reason of the diminution in value of the assets there exists an impairment of approximately $459,000.

Because of the large amount of this shrinkage it will be seen that, under the directions of the testator, the accumulation would extend over a long period of years before the fund was restored to the transfer tax value and the income became available to purchase the objects of art by the Museum.

The provisions of the will, to a certain extent, violate section 16 of the Personal Property Law. That section imposes a general prohibition against accumulations and declares them void. Certain exceptions are made in it which validate accumulations during the minority of an infant beneficiary. Accumulation of income may also be made on the principal of a trust fund for the benefit of an " incorporated college, or other incorporated literary institution," or trust funds to be administered by designated public officials for the benefit of common schools. The Museum plainly is not included within this group of beneficiaries. It does, however, come within a further exception in the section where accumulations of income are permissible and lawful when payable to a " religious, educational, charitable or benevolent corporation " upon certain limited amounts. In such cases accumulations are permitted on one fourth of the total value of the gift, not exceeding in value the sum of $50,000, and the income may be retained in such cases until the time that such accumulations shall amount to the sum of $100,000.

The Surrogate holds that the provisions of the charitable gift here involved are generally valid. No intestacy has resulted. The Museum is directed to set aside out of the fund the sum of $50,000 and to add the income earned upon that amount to that part of the segregated principal until such accumulations reach the statutory limit of $100,000. The income on the remainder of the fund (exclusive of the foregoing sum of $50,000) shall be applied to the purposes and made subject to the conditions as to display set forth in the will.

The plan of the testator may be effectuated by the directions herein given, and by invoking and applying to the actual situation the doctrine of *cy pres*. (*Matter of Gary*, 161 Misc. 351, affd. 248 App. Div. 373, affd. 272 N. Y. 635.)

Since The Metropolitan Museum of Art has accepted unequivocally the gift under the provisions and conditions set forth in the will, as modified by this decision of the Surrogate, the alternative remainderman, the Corcoran Gallery of Art, Washington, D. C., has no interest whatsoever in the fund. (*Matter of Gary, supra.*)

Submit decree on notice construing the will accordingly.