In the Matter of the Will of GEORGE ANTONI, Deceased.
Surrogate's Court, Westchester County, February 21, 1946.

*Frank J. Mahony* and *G. Austin White* for Louis F. Dieckmann, petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Corning G. McKennee* of counsel), for unknown beneficiaries.

*Murray A. Harris* for Rose Dieckmann and another, residuary legatees.

*Joseph Donald Moore,* attorney designated by the Alien Property Custodian to represent enemy nationals.

GRIFFITHS, S. The executor has instituted the instant proceeding for a construction pursuant to the provisions of sec-

tion 145 of the Surrogate's Court Act. The question as to whether the testator by article " FIFTEENTH " of his will created a valid charitable trust requires a consideration of the context of such provisions, which reads as follows: " I give and bequeath to LOUIS DYCKMAN the sum of Thirty-five Hundred Dollars ($3500.00) subject to the following trust; to invest and reinvest the principal of said sum and to use the rents, issues and profits therefrom for the benefit of the widows and orphans of my native village Neupfolz, Rhinpfalz, Germany and upon his death said principal sum to be paid outright for such uses and benefits."

The contention by the executor that the provisions above quoted are ineffectual to create a valid charitable trust is opposed by the Attorney-General and in behalf of the Alien Property Custodian. Although acknowledging the legislative and judicial trend in this State to effectuate a charitable trust, the executor nevertheless urges the usual grounds of invalidity, asserting that the beneficiaries are indefinite and that the objectives and purposes of the attempted gift are so broad that they extend beyond the limits of charitable purposes or objectives as defined by legislative mandate or judicial determination. In support of this contention, the executor urges that the purpose of the trust is not charitable because it is not limited to poor widows and orphans; that the beneficiaries are not sufficiently definite inasmuch as widows and orphans, who are neither poor nor destitute, are included within such provisions; that the beneficiaries are not limited to natives of such village or even citizens of Germany, and that persons temporarily residing in said village might be included as beneficiaries thereunder. The executor also suggests that any attempted charitable gift is ineffectual for the additional reason that the power of alienation is unlawfully suspended by reason of the application of the rule against remoteness of vesting.

It is elemental that a charitable trust is valid although it is to continue indefinitely and beyond the period permitted by the rule against perpetuities. (3 Scott on Trusts, § 365.) And if the purpose of the testator were to create a trust for the relief of poverty, such trust would nonetheless be charitable, even though for the benefit of the poor of a foreign country. (*Matter of Dreyfuss,* 154 Misc. 47.) Charitable trusts have been divided into four general classifications: (a) trusts for the advancement of education; (b) trusts for the advancement of religion; (c) trusts for the relief of poverty and distress, and (d) trusts for other purposes beneficial to the community,

not included within any of the three preceding classifications. (See *Matter of Carpenter*, 163 Misc. 474.)

Although an otherwise valid charitable trust would not be defeated by indefiniteness or· uncertainty of the beneficiaries (Personal Property Law, § 12), the purpose or object of the trust must be sufficiently definite or certain ·as to fall within one or more of the four classifications above quoted, but not so indefinite as to include uses which may be personal, private or selfish. (*Matter of Durbrow*, 245 N. Y. 469.) If the purpose and object be for the relief of poverty, a trust may be sustained as charitable, although.the class to be benefited is limited to the persons of a particular ·community. (*Thompson* v. *Corby*, 27 Beav. 649.)

As the trust is not one for the stated purpose of the advancement of religion or education, it may be sustained, if at all, only as a trust for the relief of poverty or for some other charitable purpose. A gift to widows and orphans, in its most literal sense, might be construed to include persons who were neither poor nor destitute. The connotation, however, ordinarily suggested would include persons who were underprivileged, destitute or of limited means. A trust for widows and orphans has been construed to refer to poor widows and orphans and sustained as a charitable trust for the relief of poverty. (See *Thompson* v. *Corby*, *supra;* 3 Scott on Trusts, § 369.) And if the will were construed against the background of conditions extant in a country so recently visited by the havoc of modern warfare, no demonstration would be necessary to establish that the class of intended beneficiaries is sufficiently indefinite and large in number that the community would be interested in its enforcement, if indeed the care of widows and orphans in this and other communities throughout that country does not present a major national and international problem. That the trust might by its terms include persons who are not citizens of Germany or natives of the designated village, does not affect the validity of such trust. Charitable purposes are not limited by territorial boundaries or by circumstance of color, race or' creed. The provisions of the will disclose a charitable intent which it is the duty of the court to effectuate.

Settle decree accordingly.