In the Matter of the Estate of HENRY OLLESHEIMER, Deceased.

Surrogate's Court, New York County, November 6, 1953.

*Guzik & Boukstein* for Jewish Restitution Successor Organization, as successor to Jewish Hospital in Fuerth and others, petitioner.

*Nathaniel L. Goldstein, Attorney-General (Flavius N. Costerella* of counsel), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law, respondent.

FRANKENTHALER, S.   The final decree on accounting herein signed in 1941 directed that certain bequests under the will to " Jewish Hospital, Jewish Real Schule, Jewish Orphan Asylum and Jewish Wohlfarstelle," all located in Fuerth, Bavaria, Germany, should be paid to their duly authorized attorney in fact on their behalf.   Although the institutions were in existence at the date of execution of the will and at testator's death, prior to the accounting decree they all were dissolved by virtue of an ordinance of the Nazi Government and their property transferred to an organization known as Reich Association of Jews. No party to the accounting had notice of these developments before the decree was settled.   After defeat of the Nazis the Jewish Restitution Successor Organization was designated by the military government authorities as the organization authorized to receive the property of the aforesaid institutions.   It now asks that the 1941 decree be resettled to permit payment to it of these bequests.   The Office of Alien Property has approved a license authorizing decedent's executors to transfer the bequests and the new Jewish community of Fuerth has relinquished all claims to former communal and foundation property in Fuerth and acknowledged the sole right of the Jewish Restitution Successor Organization to claim these benefits.

Inasmuch as the bequests vested in the institutions upon decedent's death and in view of the fact that paragraph eleventh of his will directed payment of the bequests to such institutions " or their successors ", the court holds that such bequests may now be paid to the Jewish Restitution Successor Organization. (Personal Property Law, § 12; *Matter of Antoni,* 186 Misc. 988; *Matter of Brunzel,* 51 N Y. S. 2d 483; see *Matter of Gary,* 161 Misc. 351, affd. 248 App. Div. 373, affd. 272 N. Y. 635, and *Matter of Swope,* 204 Misc. 510.)

Submit decree resettling the decree of this court accordingly.