Joseph A. Cox, S.
This is a petition for construction of a will. Testatrix by her last will bequeathed her residuary estate to petitioner “ in trust, nevertheless, to invest the same * * " for the purpose of keeping up and maintaining all the traditions, rights and privileges of the Gerster-Gardini School of Singing The petitioner, executrix and trustee under the will, “ is in doubt as to whether testatrix created a valid Trust, inasmuch as she seemingly had neither fixed the ‘ term ’ of the Trust nor indicated a residuary legatee upon the termination thereof.” The trust intended by the testatrix is a charitable trust, for the perpetual maintenance of the school established by the mother of testatrix and continued by the testatrix. This is a valid trust. It has been repeatedly held that pursuant to section 12 of the Personal Property Law, such trusts need not terminate or vest within the periods prescribed by section 11 of the Personal Property Law, and may continue indefinitely. (Matter of MacDowell, 217 N. Y. 454; Matter of Antoni, 186 Misc. 988; 3 Scott on Trusts, § 365 and cases cited therein.)
No objection having been made to the proposed distribution *336 of gifts pursuant to paragraph Two of the will, the decree on an accounting may direct such distribution. No objection having been made to the statement in the schedule of proposed gifts that the family portraits have no value, the decree to be submitted may provide for their abandonment or the disposition proposed in the schedule.
The executor asks an allowance of $500 for services rendered in part to the deceased during her lifetime and in part for her estate. The executor is a minister who assisted the deceased in a variety of personal problems prior to her death. The services allegedly rendered prior to her death consisted of giving her advice in the disposition of her property, assisting her in making contacts for the development of her school of singing, bringing her to an attorney and prepare a will and “ keeping an eye on her affairs.” The executor does not allege that there was any agreement that he should be compensated for these services. As an explanation of her failure to pay, the executor merely alleges ‘ ‘ she somehow could not manage to pay me putting it off until she would have available funds, nor could I insist on it under the circumstances ”. On these facts and allegations the court cannot direct payment for such services. Nor is the executor entitled to an allowance as requested for services rendered the estate. For his services, an executor is paid commissions pursuant to section 285 of the Surrogate’s' Court Act. There is no authority other than a direction in the will itself to make additional payments for the services of an executor who is not a lawyer.
The request of the attorney for the executor for an allowance is granted in the amount of $500 for services rendered to the estate through the entry of a decree to be submitted herein.
Submit decree accordingly.