Let an order be entered, therefore, denying the motion to dismiss the proceeding and directing the examination of the respondent to proceed on the third day of January, 1906, to which time the proceeding is now adjourned.

Ordered accordingly.

---

Matter of the Judicial Settlement of the Account of BEN-NETT VANDECAR and ANNA B. KILBY, Executors, etc., of LUCY BATES, Deceased.

(Surrogate's Court, Saratoga County, December, 1905.)

Wills — Interpretation — Legacies and gifts of income — Legacies for support — Discretion of executor.

Under a bequest of certain corporate shares in trust to receive the quarterly dividends thereon and pay over to the son of testatrix so much thereof as should be necessary, in the judgment of the trustee, for the support of the beneficiary during life, with, first, a provision that upon his death the trustee should pay from said stock and the accumulation of dividends, if any, not used for the support of the beneficiary, a cash legacy of $1,000 and, finally, a bequest of the remainder of the stock and accumulated dividends to two other sons in equal shares; held, that the testatrix did not intend to devote any part of the shares bequeathed to the support of the life beneficiary.

Surrogate's Court, Saratoga County, December, 1905. [Vol. 49.

It appearing that the life beneficiary was sick with grave diseases, suffering from serious injuries received in the course of military service, a victim of epilepsy, unable to work or earn anything, having no income except a soldier's pension which, together with all the income from the shares in question, would be inadequate for his support; held, that it would be an abuse of discretion for the trustee to withhold from him any part of the income arising from the trust fund, and a decree should be made directing the trustee to pay it over.

PROCEEDINGS for the judicial settlement of the accounts of executors.

William Rooney, for accountants.

Burton D. Esmond, for Wallace M. VanDecar.

LESTER, S. The testatrix left, among the assets of her estate, twenty-four shares of the capital stock of the Delaware & Hudson Canal Company; and her executors have received, since her death, dividends upon this stock amounting to $378, and have paid to Wallace M. VanDecar for his support the sum of $147 therefrom.

By her will the testatrix provided in reference to said stock and the dividends therefrom as follows: " *First:* After all my lawful debts are paid and discharged, I give and bequeath to my son Bennett VanDecar of Syracuse, N. Y., my twenty-four shares of Delaware and Hudson Canal Company's stock, in trust nevertheless to receive the quarterly dividends thereon and pay over to my son Wallace M. Van Decar of VanDecar, Isabella County, Michigan, so much thereof as shall be necessary in the judgment of said Bennett VanDecar, as shall be necessary for the support of him, the said Wallace M. VanDecar during the term of his natural life; and I hereby give and bequeath to the said Wallace M. VanDecar so much of said quarterly dividends as shall be necessary in the judgment of said Bennett VanDecar for the support of him, the said Wallace M. VanDecar, during the term of his natural life. On the death of the said Wallace M. VanDecar, I give and bequeath, and the said trustee shall pay from said stock and the accumulation of dividends, if

any, not used for the support of said Wallace M. VanDecar to my granddaughter, Mrs. Lucy McCullough of Amsterdam, N. Y., One Thousand Dollars ($1,000.) cash; but in case of the death of said Lucy McCullough before said Wallace M. VanDecar dies, then the above bequest shall revert to the said trustee; and all the rest, residue and remainder of said Delaware and Hudson Canal Company's stock and accumulated dividends (and in case above provided of the death of said Lucy McCullough, then all of said stock and dividends) I give and bequeath to my son Bennett and my son Schuyler VanDecar of Romeo, Mich. to be equally divided between them share and share alike."

Wallace M. VanDecar claims that, under the provisions of the first clause of the will of the testatrix, above quoted, he is entitled to receive so much of the stock and dividends as may be necessary for his support; that it is not within the discretion of the executor and trustee, Bennett VanDecar, to withhold from him any part of the principal or income of this fund which may be required for his support; and that, in the decree upon this accounting, the trustee should be ordered to pay over to him such portion of the principal, and balance of the dividends remaining in the hands of the trustee, as the court deems necessary for his present needs; and should direct the trustee as to the future application thereof.

The trustee, on the other hand, claims that he is vested with an absolute discretion which cannot be controlled by the court and that, as, in his judgment, nothing is necessary now to be paid to the said Wallace M. VanDecar for his support, no direction should be made in the decree for the payment to him of any sum whatever.

After carefully reading the will of the testatrix, my opinion is that it was not her intention to devote to the support of Wallace M. VanDecar any part of the twenty-four shares of stock mentioned in the first clause of her will; but. that it was her intention to limit the provision which she made for his support to the quarterly dividends on said stock. In the clause, " to receive the quarterly dividends thereon and pay over to my son Wallace M. VanDecar so much thereof as

shall be necessary, etc.," the word " thereof," in my opinion, relates solely to the quarterly dividends; and this opinion is strengthened by the clause which immediately follows it, namely: " And I hereby give and bequeath to the said Wallace M. VanDecar so much of said quarterly dividends as shall be necessary in the judgment of the said Bennett Van Decar for the support of him &c." The subsequent language of the first clause is also in harmony with this construction and the whole of the first clause, it seems to me, in its natural and obvious meaning, contemplates the application to the support of Wallace M. VanDecar of some portion, and perhaps all, of the dividends, but no part of the twenty-four shares of stock bequeathed to the trustee.

The next question which arises is as to the right of the court to direct the executors and trustee, upon this accounting, to pay over the balance of the dividends now in their hands to the said Wallace M. VanDecar. It would be difficult to find language that could more emphatically express the intention of the testatrix to confer upon Bennett Van Decar discretion as to what should be paid over for the support of Wallace. The direction to Bennett is to pay over to Wallace so much of the dividends as shall be necessary in his judgment for the support of Wallace; and the testatrix gives and bequeaths to Wallace so much of said quarterly dividends as shall be necessary in the judgment of Bennett for the former's support. Under such provisions as these, it behooves the court to act with the utmost caution in interfering, in any manner, with the discretion which the testatrix has reposed in her trustee. And yet, this trust, like all others, was designed by its creator to accomplish a purpose; and it is the duty of courts exercising equitable powers, so far as they can, to see that the benificent purposes for which trusts are created are carried out in honesty and good faith. And when it appears that any trustee, no matter how broad the discretion which is bestowed upon him, is so administering his trust that it fails to accomplish the purpose for which it was created, then, it seems to me, the time has come for the court to intervene.

Misc.] Surrogate's Court, Saratoga County, December, 1905.

In the present case, it appears that Wallace M. VanDecar, for whose support his mother, the testatrix, sought to provide in the first clause of her will, resides at Myrtle Point, Oregon; that he is sick and is unable to do any kind of manual labor. He is afflicted with grave diseases and suffering from serious injuries, received in early life, during military service as a soldier in the war of the Rebellion, and is a victim of epilepsy. Once he earned a good living and accumulated some property, but for more than two years he has been unable to work and most of his property has been dissipated in the payment of living expenses and for medical and surgical treatment and supplies. He requires the constant attention of a nurse and he describes himself as a "physical wreck." This description seems, by the testimony of credible witnesses, to be justified. He lives in a house that is estimated to be worth $600, but is out of repair and mortgaged for $250; and, of the property which he owned less than three years ago, not more than one-third remains, all of which is incumbered, the principal part of which consists of a farm in Michigan, and which amounts, all told, to $1,800 above the incumbrances; and he owes debts to a considerable amount. The property he still has produces no income, except as the house affords him an insufficient shelter; and his only income is a soldier's pension of $17 per month. The amount he requires annually for his support is, at the lowest estimate, $750; and this amount, I am convinced from the evidence, is inadequate to cover the expenses of proper medical attendance and nursing.

I am satisfied that the needs of this beneficiary require an amount considerably larger than the entire income from the trust fund in addition to all he receives or can obtain from his property, and that he is unable to earn anything. The evidence as to his condition and needs is not contradicted, and the trustee has made no suggestion as to how his necessities can be met. Under the circumstances disclosed by the evidence, I think it would be an abuse of discretion on the part of the trustee to withhold from him any part of the income arising from the trust fund.

A question has been raised as to the validity of the pro-

vision of the will under which an accumulation of income from the trust fund might be possible, and as to the disposition which should be made of surplus income. It seems unnecessary at present to discuss this question. An accumulation of income is not likely, in my view of the duty of the trustee, ever to arise. The question is one which, however interesting, is not now important and is not likely ever to become so:

My conclusion, therefore, is that the income now in the hands of the trustee should be paid over to the beneficiary, Wallace M. VanDecar, for his support.

A decree accordingly may be submitted.

Decreed accordingly.