(174 App. Div. 193)

## In re HILTON.

(Supreme Court. Appellate Division, First Department.   July 10, 1916.)

TRUSTS ☞271—CONSTRUCTION OF POWERS.

Where the will creates a trust fund, and authorizes the trustees to apply so much thereof as they may from time to time consider necessary, proper, or expedient for the support and maintenance of the beneficiaries, the court will not, in the absence of abuse, interfere with the discretion of the trustees.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 380, 381; Dec. Dig. ☞271.]

Appeal from Surrogate's Court, New York County.

Petition by Albert B. Hilton, Jr., for allowance from a trust fund under the will of Henry Hilton, deceased, opposed by Edward D. Harris and another, trustees.   From an order directing the allowance, the trustees appeal.   Reversed and remitted.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Albert Stickney, of New York City, for appellants.

James H. Hickey, of New York City, for respondent.

SMITH, J.   The will provides that the trustees may "pay out or pay over or apply so much and such parts thereof (Albert Hilton's interest) as they may from time to time consider necessary, proper or expedient for the support and maintenance of the said Albert and his wife and children during his life."   This allowance to Albert B. Hilton and his family may be made by the trustees, either from the income or from the principal.   The trustees have in fact paid to Albert B. Hilton and his family all of the accumulated income, so that now they are encroaching upon the principal, and, in order to support the family, they are allowing $36,000 a year for that purpose now, and also $7,000 for a married daughter.   The petitioner, a son, now makes application for an additional $7,000, and the court has directed the trustees to pay him $4,000 a year in addition to what is paid to Albert Hilton and the family.   The trustees have appealed, insisting that the discretion is left solely with them, and not with the court.   It would seem that this contention is sound, and that the discretion of the trustees governs, at least unless they abuse their trust.

The cases cited by the respondent here are none of them cases in

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which the amount of the allowance was specifically left to the discretion of the trustees, as in the case at bar.

In the Matter of Akin's Estate, 145 N. Y. Supp. 1105, Surrogate Fowler stated the rule that, where testamentary trustees were given discretion under a will, the court will not interfere with the reasonable exercise of that discretion. This testator, as he had the right to do, left to the discretion of the trustees what amount should be paid out for the support of the family of Albert B. Hilton. No evidence is adduced even tending to show an abuse of that discretion. Until such fact is shown, the law will leave the petitioner where the deceased left him, to convince the trustees that his claim is reasonable under all the circumstances of the case.

The order of the surrogate should be reversed, with costs, and the proceeding remitted to the Surrogate's Court for action in accordance with this opinion. All concur.