In the Matter of the Estate of ABRAHAM W. COWEN, Deceased.

Surrogate's Court, Kings County, June 9, 1933.

*Levisohn, Niner & Levisohn [Isidor Niner and Julius Weiss of counsel], for the petitioner.*

*David W. Kahn, for the respondents.*

WINGATE, S. The testator died in 1914; his widow in 1922. The bulk of his estate was left in trust. Since the death of the testator's widow, his son, the present petitioner, has been receiving the income of the entire trust fund. By his will, testator provided that " Upon my said son Julian Cowen [the petitioner] attaining the age of 25 years, and if, in the opinion of my executors and trustees hereinafter named, my said son Julian Cowen be a fit person to receive the same, and a person of such habits and attainments that, in the judgment of my executors and trustees hereinafter named, it would be for the best interests of my said son to have control of the same, and if it be the opinion of my said executors and trustees that my said son will conserve such property, then and in that event I direct my said executors and trustees to pay and turn over to my said son Julian Cowen the trust corpus or such portion of the same as they may see fit, my said executors and trustees being hereby given exclusive and final power of determination, this being more in the nature of a request than a direction." If the trustees be of the opinion that it is not for the best interests of Julian to have any portion of the trust corpus upon his arrival at twenty-five years, the trustees were directed to pay to him the income for life, or until such time as they shall determine that it is for the best interests " as hereinbefore specified " for Julian to receive any portion or all of the corpus.

By further provision it is declared that if Julian, the petitioner, should die without issue him surviving, the entire corpus then remaining in trust was given to the surviving issue " of my sister and brother, share and share alike."

Elias D. Cowen, William Cowen and Henry Fluegelman were designated executors and trustees. All three qualified and are now acting. The Messrs. Cowen, who were brothers of the testator, have children.

The petitioner is now twenty-eight years old. No portion of the corpus of the trust estate has been transferred to him. Mr. Fluegelman, who is desirous of withdrawing from the responsibilities of

the trusteeship, is willing to transfer the trust corpus to the petitioner, his two cotrustees are not.

In this proceeding the petitioner seeks the removal of Elias D. Cowen and William Cowen as testamentary trustees.

The first ground urged for their removal is that the respondents have deliberately and in bad faith declined to exercise their power to turn over the principal of the trust to the petitioner. This ground is untenable. Upon the hearing had herein, there was no evidence whatsoever to support this contention. The theory next advanced is that under the terms of this will, petitioner, upon attaining the age of twenty-five years, was entitled as a matter of right to receive the corpus of the trust estate unless the respondents could affirmatively establish his incompetency to receive the same. With this contention the court is not in accord. The transfer to the petitioner of the trust corpus, or any portion thereof, rests within the discretion of the trustees. The will contains no mandatory direction to turn over to the petitioner upon his arrival at the age of twenty-five years; nor does continuous holding thereafter *ipso facto* cast upon the trustees the burden of affirmative proof of justification of such conduct. In the absence of proof of fraud, bad faith or other " very peculiar reasons calling for the exercise of its jurisdiction," the court will not interfere with the reasonable exercise of fiduciary discretion. None of these requisite elements is here present. No conduct on the part of the respondents inconsistent with honesty and good faith have been shown. (*Ireland* v. *Ireland*, 84 N. Y. 321, at p. 326; *Matter of Briggs*, 180 App. Div. 752; *Matter of Hilton*, 174 id. 193; *Hearst* v. *McClellan*, 102 id. 336, at p. 339; *Matter of Akin*, 145 N. Y. Supp. 1105; affd., 163 App. Div. 948; *Banning* v. *Gunn*, 4 Dem. 337.)

The last objection is based upon the ultimate disposition of the trust fund in remainder in the event of the petitioner's death without issue. Both Elias D. Cowen and William Cowen have issue, so too has a sister and another brother of the testator. Petitioner contends that by reason of such facts and of the possibilities involved, the personal interest of the respondents is so inherently antagonistic to their duties as trustees as to render them removable under the doctrine of *Pyle* v. *Pyle* (137 App. Div. 568) and other cases cited by the petitioner under this head. The rule of these cases does not apply. The position in which these respondents are now found is the position in which they were placed by the testator himself. The fact that their issue, *inter alia*, may ultimately receive a portion of the trust fund upon a given contingency, does not disqualify them from acting as trustees nor justify their removal.

The petition is dismissed. Submit decree on notice.