In the Matter of the Estate of Isaac Liberman, Deceased.*

Surrogate's Court, New York County, April 29, 1937.

*Gary & Gary*, for the petitioner Harry Liberman.

*Lachman & Goldsmith*, for Herman N. Liberman and Etta L. Baum, trustees.

Foley, S. Upon the first phase of this proceeding presented for determination the surrogate holds, as the trier of the facts, that a valid common-law marriage was entered into between the petitioner Harry Liberman and Margaret Jones Liberman in the spring of 1926 in the State of Pennsylvania. (*Boyd* v. *Boyd*, 252 N. Y. 422; *Matter of Murtha*, 259 id. 456; *Matter of Kelly*, 238 id. 71.) Common-law marriages are valid under the law of that State. (*Maryland* v. *Baldwin*, 112 U. S. 490; *Richard* v. *Brehm*, 73 Penn. St. 140; *Matter of Seymour*, 113 Misc. 421, 429; May, Marriage Laws and Decisions in the United States, p. 363.)

The marriage between the petitioner and his wife was in effect at the date of death of the testator on February 4, 1929. Its validity

* See 163 Misc. 90, on reargument.

still continues. The provisions of the will requiring the consent of his brother and sister to a marriage were prospective only, and could have no application to a marriage which took place in the life-time of the testator.

I hold further that, if Harry Liberman and his wife desire to have performed a ceremonial marriage, either religious or civil, they need not obtain the consent of the trustees to such ceremony. Such ceremony will add nothing by way of legal effect to the present marital status, nor will it prejudice any of the existing rights of the petitioner under the terms of the will as modified by the written agreements made by the parties.

This conclusion renders unnecessary an extended discussion as to whether the provisions of the will contained in paragraph eleven, affecting the rights of the petitioner to receive certain benefits under the will unless he shall marry with the consent of the persons therein named, are void. These provisions, in effect, prohibit the marriage of Harry Liberman without the joint consent of his brother and sister, the trustees, or their survivors or successors. Provision is made in the event of the death of the daughter of the decedent that the surviving trustee, the son, may appoint a cotrustee. The consent of this new trustee to a marriage would be required under the terms of the will. Further provision is made that in the event of the death of both trustees a substituted trustee should be appointed by this court, but the appointment is limited to a trust company. The consent of such trust company, if appointed at some time in the future, would be required before the petitioner could marry. His brother and sister might be able to find tests to approve or dis-approve the lady of his choice. What tests a trust company might apply to her eligibility are nebulous. The will further directs that if the petitioner should marry without the consents of the specified persons, his income in one-sixth of the residue shall terminate and the principal of the fund shall vest in the surviving brother and sister or their issue *per stirpes*. It should be noted that a strong motive for withholding the consents on the part of the brother and sister, the trustees, is provided, for, in the event of a marriage without their consents, they would take the principal of the trust fund. A somewhat similar condition is contained in the terms relating to the trust fund of an additional one-sixth of the residue.

These conditions are so restrictive and arbitrary that they must be deemed to be in general restraint of marriage. At the time of the making of the will Harry Liberman, the petitioner, was about forty years of age. There is no question, therefore, presented in this estate of the reasonableness of restrictions imposed upon the marriage of a minor or a person of immature age without the con-

sent of some other person. The limitations contained in this will are distinguishable from those cases which have held clauses prohibiting marriage to a designated person or to a person of a particular religious faith, or of a minor, or a person of immature years without the consent of some other person, or terminating a trust upon the marriage of the surviving spouse, or other forms of restrictions which have been held to be reasonable and not contrary to public policy. (*Robinson* v. *Martin*, 200 N. Y. 159; *Hogan* v. *Curtin*, 88 id. 163; *Beers* v. *Grant*, 110 App. Div. 152; affd., 185 N. Y. 533; *Matter of Seaman*, 218 id. 77.) If it became necessary to determine the validity of the provisions of the will involved here the surrogate would, for these reasons, have declared the provisions void and ineffective as against the rights of the petitioner under the will.

The remaining phase of the application which seeks a review of the conduct of the trustees in refusing to pay out of the principal a further sum to Harry Liberman is denied. I find no reason in the evidence to interfere with the discretion of the trustees. There is no indication of arbitrary conduct or bad faith in their refusal to permit a further invasion of the principal of the trust fund. (*Matter of Hilton*, 174 App. Div. 193; *Matter of Martin*, 245 id. 120; *Matter of Cowen*, 148 Misc. 35.) The trustees appear to have acted in good faith and with a commendable desire to preserve the income for the petitioning life tenant and to guard against his improvidence. If his habits of contracting debts and engaging in speculation were encouraged by frequent payments to him out of capital, the fund would be consumed in the course of a few years. The attention of counsel for the various parties was called upon the hearing to the apparent violation of section 15 of the Personal Property Law, which prohibits the assignment of income by a beneficiary of a trust. This statute protects the beneficiary in his right to receive a substantial part of the income of the trust, which should afford him sufficient means of support.

That part of the application wherein the petitioner seeks the removal of the trustees is denied.

Submit decree on notice accordingly.