In the Matter of the Estate of HENRY G. BARBEY, Deceased.

Surrogate's Court, Westchester County, December 19, 1941.

*Cadwalader, Wickersham & Taft* [*G. Forrest Butterworth, Jr.*, and *Clifton S. Hadley* of counsel], for Sabina W. Barbey and the Bank of New York, as executors, etc.

*Carlton S. Cutbill*, for the claimants.

*Wilson, Huntington & Lord*, for The Society of the New York Hospital.

*Carl Elbridge Newton* and *J. Edward Lumbard, Jr.*, for Alexandrine von Saldern.

*Philip E. Donlin*, for the Greer School (formerly known as Hope Farm).

*James Dempsey*, special guardian.

MILLARD, S. In the within accounting proceeding the executors have rejected the claims of two employees of The Suburban Engineering Company, who claim to be legatees under the provisions of article " Tenth " of the will of the above-named decedent, which read as follows:

" *Tenth.* I am the holder and owner of substantially all of the stock of The Suburban Engineering Company, a New York corporation, and I make this disposition in full confidence that such persons as may hold the remaining shares of said corporation will cooperate with my executors in carrying this provision into effect. I direct my executors to liquidate said corporation as soon as can conveniently be done after my death, and after paying all of the debts and other obligations of said corporation and after distributing to the holders of said stock an amount equal to the par value thereof, which at the present time amounts to a total of Fifty Thousand Dollars ($50,000), to distribute the balance among such persons as shall be in the employ of said corporation at the time of my death and shall then have been so employed for at least two (2) years priorte hreto, and including therein, subject to the foregoing conditions, the following named: * * * [The testator here named twelve employees] and any others continuously employed by The Suburban Engineering Company for two years or more.

" The proportional interest of each such employee shall be determined by multiplying the years of his or her service by the total salary, not including bonuses, received by him or her during the twenty-four (24) months preceding my death. I authorize my executors to determine in their absolute discretion which employees

will qualify to receive a share under this paragraph and to interpret and apply in their discretion the formula above stated."

In purported compliance with the provisions of said paragraph, the executors have liquidated The Suburban Engineering Company and have made partial distribution to all of the employees specifically mentioned in said paragraph " Tenth " and, in addition thereto, to one Theodore Davenport, an employee not so named therein.

The executors have rejected said claims of Harry Martone and John DiPietro, neither of whom was specifically named in paragraph " Tenth " of said will   It has been stipulated that the facts as to the employment of said claimants, as set forth in the report of the special guardian, are correct, and that such report may be regarded as evidence in this proceeding.   Both of these claimants were employed by decedent at the time of his death on July 24, 1938.   The proof shows that the claimant Harry Martone was first employed on December 2, 1929, and was last employed on July 27, 1938.   Except from December 4, 1937, to April 6, 1938, Harry Martone was on the payroll of said corporation during the two-year period preceding decedent's death.   This claimant contends that he was " continuously employed " by said corporation throughout said two-year period since his employment was of a seasonal nature, and that the period approximating four months that the claimant was not on the corporation's payroll does not interrupt the continuity of such employment.   The records also show that on several occasions prior to 1936 said claimant was not on the payroll during the winter months.

The employment record of the claimant John DiPietro indicates that he was first employed on January 10, 1929.   The records with respect to the employment of this claimant establish that he worked at least one day in every week but one during the two-year period preceding decedent's death.   It is argued that the fact that claimant's services were not required on every working day would not prevent his employment from being continuous.

Under the provisions of article " Tenth " of his will, the testator specifically authorizes his executors " to determine in their absolute discretion which employees will qualify to receive a share under this paragraph and to interpret and apply in their discretion the formula above stated."   If effect is to be given to the expressed intent of the testator, it is the executors rather than the court who are granted the authority to determine which of the employees of said company are entitled to share under the provisions of said article.   In the absence of an abuse of discretion by the executors, the court has no power to interfere.   (*Matter of Cowen,* 148 Misc.

35.) The executors, pursuant to such express authority conferred in the will, have determined that these two claimants were not continuously employed during the two-year period in question. Under the circumstances, there was no abuse of discretion herein. It is not contended and it cannot be found that the executors acted arbitrarily or capriciously. It is quite evident that the granting of such absolute discretion to the executors was for the specific purpose of conferring upon the executors rather than upon the court the power to determine those employees qualified to share under said article " Tenth." That the facts herein present a fairly debatable issue as to whether these two claimants were so continuously employed demonstrates the foresight of the testator in conferring upon the executors the discretion of determining the employees qualified to share as legatees thereunder, rather than imposing upon the court the burden, and upon the estate the expense, of unnecessary litigation.

*Matter of Flagg* (N. Y. L. J. March 12, 1941, p. 1131 [not officially reported]) and cases cited therein are not applicable. In those cases the executor was not vested with the discretion conferred herein. That under other circumstances the courts have applied a more liberal rule in determining whether the employment was continuous, affords no basis herein for the court to impose upon the executors the application of a more liberal rule. To do so would defeat the testator's intent and substitute the judgment of the court for the discretion of the executors in contravention of the express authorization of the testator.

There is no showing that the inclusion of Theodore Davenport as an employee entitled to share was an improper exercise of the discretion of the executors. Nor was such determination by the executors that the claimants herein were not so qualified.

The diligence of the special guardian has failed to disclose any abuse of discretion by the executors in failing to include any other employees among those entitled to share under the provisions of article " Tenth." The claims of Harry Martone and John DiPietro are accordingly dismissed, and the account of the executors is settled as filed.

Settle decree accordingly.