In the Matter of the Accounting of JAMES M. WADE, as Executor
of ANNIE J. WOODIN, Deceased.

Surrogate's Court, New York County, May 16, 1945.

*William F. McDermott* for James M. Wade, as executor, petitioner.

*C. D. Williams* for Mary W. Miner and others, respondents.

*Gardner D. Howie,* special guardian for Anne W. Harvey, an infant.

*William J. O'Shea,* special guardian for William H. Woodin, III, and others, infants.

Foley, S. This proceeding was brought for the judicial settlement of the intermediate account of the executor. Questions as to the construction of the will are also presented. Further issues have been raised by the very numerous objections filed to the account.

The first question of construction set forth in the petition of the executor relates to the scope of the authority of the directors of the Maranwood Corporation. It is a personal holding corporation which was formed by the testatrix for the purpose of buying, selling and trading in stocks and bonds. Just prior to her death she owned all of the superior class of the stock, having exclusive voting power and preference as to dividends. Other stock, with subordinate rights to participate in profits, was and is owned by members of her family. The executor has retained all the stock left by the testatrix. The corporation holds common and preferred stocks and bonds worth several hundreds of thousands of dollars. In general they do not come within the class of investments which are legal for fiduciaries.

The petition requests an answer to the question: " Can further investments be made by Maranwood Corporation in non-legal securities? " That question is answered " yes ". In article third of the will the executor and trustees were generally

authorized in the exercise of their discretion to retain the securities left by the testatrix. Authority was thereby granted to retain the stock of this corporation. It is conceded by all the parties who have appeared that the provisions of the will do not permit the fiduciaries to reinvest in nonlegals the proceeds of the sale of the securities which were owned by the testatrix at her death. However, I hold that such limitation does not apply to the conduct of the business of the corporation and specifically to the reinvestment of the proceeds of the sale of securities held in title by it. The controlling factor here is the power of the directors stated in the certificate of incorporation. It contains no restriction upon the authority of the directors to purchase nonlegals. The determinations of the appellate courts in *Matter of Doelger* (254 App. Div. 178, affd. 279 N. Y. 646) are sufficient support for the holding that the proceeds of sale of present securities and of those hereafter acquired may be invested in any form of security and without restriction to legal investments. In particular the reasons discussed and the conclusion reached by Mr. Justice Dore in the Appellate Division and the cases cited by him are pertinent. I can see no difference between the stated powers of the corporation here involved, which was formed by the testatrix in her lifetime with authority in her will to her fiduciaries to retain its stock, and the corporation directed to be formed under the will of Peter Doelger. Each was a trading corporation. In conclusion upon this phase of the proceeding, the Surrogate holds that the directors of the Maranwood Corporation may invest the proceeds of sale of its assets in nonlegal securities.

Necessarily within a brief time and perhaps after the executor completes the final administration of the estate, the trustees will take over the stock of this corporation. Responsibility is cast upon them to administer its affairs under the rules of prudence and vigilance stated in *King* v. *Talbot* (40 N. Y. 76). The present situation whereby the life tenants of the residuary trusts, none of whom is a trustee under the will, are the only members of the board of directors should be corrected. The public policy of our State in testamentary trusts is aimed at the avoidance of placing the selection of investments upon life beneficiaries because of the temptation to obtain a high yield of income at the risk of the impairment of the security of capital. (*Greene* v. *Greene,* 125 N. Y. 506; *Woodbridge* v. *Bockes,* 170 N. Y. 596; *Weeks* v. *Frankel,* 197 N. Y. 304; *Matter of Connolly,* 158 Misc. 93; *Matter of Riggs,* 158 Misc. 95.) By that rule the rights of remaindermen are intended to be safeguarded.

One of the trustees is a corporate fiduciary. Two of them are individuals. It would appear that the corporate trustee should select a responsible nominee or nominees as directors. It would appear that the individual trustees should accept the responsibility for the management of the corporation's financial affairs by procuring their election as directors. Moreover, under the distinctive language of the next to the last paragraph of article third of the will it might be appropriate for the trustees to give minority representation on the board of directors to the life tenants, if the request is made by them under the terms of that paragraph.

A second question with two subdivisions is further presented for answers in the seventh paragraph of the petition. They read: " If Maranwood Corporation is liquidated then (a) Can any non-legal securities constituting the assets of Maranwood Corporation be retained by the estate? (b) Must the proceeds of sales of the assets of Maranwood Corporation be invested in legal securities? "

More specifically expressed these questions relate only to securities distributed in kind by the corporation as a result of a partial or complete liquidation. These questions need not be answered at the present time because they are academic. The executor and trustees state that they intend to continue the Maranwood Corporation. No present plan for its liquidation is contemplated. No distribution of its securities has been made in kind to the estate as a stockholder. If and when a partial or total distribution of assets in kind is made, these questions may be raised in an appropriate proceeding for instructions to the executor or trustees, or in a proceeding for the construction of the will, or in a subsequent accounting proceeding of the executor or trustees.

A further question of the construction of article second, subdivision (F), of the will has been presented by the claim of Mary Woodin Miner, a daughter of the testatrix and a life tenant of one fourth of the residuary trust. The provisions of this subdivision of the will vest discretion in the trustees to supplement the income of a beneficiary in any year by paying over under certain tests a sum not exceeding $10,000 from principal. Mrs. Miner in her claim asserts that she incurred expenses in the year 1942 amounting to the sum of $9,579.20 for which she should be reimbursed by the trustees out of principal of the trust held for her benefit. Many of the items of her claim do not come within the language of the will which authorized invasion: " If by reason of accident, sickness, marriage of a

child or emergency an unusual financial burden is placed in any year upon the beneficiary of any such Trust." Certain of the items of her claim are for mere luxuries. By no stretch of the imagination could they fall within the limitations contained in the will. Another item is for the purchase of real property as a summer home. It was not an emergency or other purpose stipulated by the testatrix as a ground for invasion of principal. Another item is for reimbursement for the payment of compensation to the attorneys for Mrs. Miner in connection with the assertion of her claims against her mother's estate. This item was properly rejected by the executor and trustees. (*Matter of Hayden,* 172 Misc. 669, affd. on other grounds, 261 App. Div. 900.)

Where the will vests discretion in a fiduciary, the courts will not interfere with the exercise of such discretion. (*Matter of Hayden, supra; Matter of Littman,* 165 Misc. 285; *Ireland* v. *Ireland,* 84 N. Y. 321; *Hamilton* v. *Drogo,* 241 N. Y. 401, 404; *Bloodgood* v. *Lewis,* 209 N. Y. 95; *Matter of Sand* v. *Beach,* 270 N. Y. 281; *Matter of Hilton,* 174 App. Div. 193; *Matter of Shea,* 234 App. Div. 176; *Matter of Cowen,* 148 Misc. 35.) Where bad faith, abuse of discretion, arbitrary action or fraud is shown, judicial action may be exercised. (*Matter of Hayden, supra; Matter of Martin,* 269 N. Y. 305; *Matter of Flood,* 127 Misc. 797, affd. 216 App. Div. 711, affd. 243 N. Y. 598; *Rezzemini* v. *Brooks,* 236 N. Y. 184; *Matter of Gatehouse,* 149 Misc. 648.) None of these grounds exists here.

There are two items of Mrs. Miner's claim, however, which come within the terms of the will as emergency expenditures: one in the sum of $150.27, the other is an item of $450, or a total of $600.27. In accordance with the consent of the fiduciaries this total may be paid to Mrs. Miner out of the principal of her part of the trust. Her claim is allowed to that extent only. The remaining items are disallowed.

(Other directions included in the original decision of the Surrogate omitted because of their subordinate importance.)