ESTATE OF WALTER E. FREW, DECEASED, BY ELLA LOUISE FREW, RALPH PETERS, JR., AND DUNHAM B. SHERER, AS EXECUTORS OF HIS LAST WILL AND TESTAMENT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9373.    Promulgated June 24, 1947.

*Paul G. Reilly, Esq.*, for the petitioners.
*James C. Maddox, Esq.*, for the respondent.

OPINION.

LEECH, *Judge*: One of the reasons assigned by respondent in the deficiency notice for the inclusion of the corpora of the three trusts in decedent's gross estate is that they were made in contemplation of death within the purview of section 811 (c) of the Internal Revenue Code. On the trial the respondent conceded no question of the decedent's health was involved. On brief, he advances no argument that the transfers were testamentary in character. Assuming there has been no abandonment of this issue, we think the oral testimony adduced and the instruments themselves clearly indicate the transfers were motivated by purposes associated with life rather than in anticipation of death. We have so found as a fact. *Allen* v. *Trust Co. of Georgia*, 326 U. S. 630. We, therefore, consider the respondent's further contention that the trust corpora are includible under section 811 (d) (2) of the code.[1]

The only other contention of respondent is that the transfers were incomplete (1) by reason of the power vested in the trustees, in their sole discretion, if the income of the trust "in their opinion be insufficient for the proper maintenance and support" of the income beneficiary, to apply so much of the respective part of the principal as the trustees might deem proper, and (2) by reason of the "spendthrift" provision. In substance, the respondent's argument is that the provision for the invasion of the corpus vesting sole discretion in the trustees, essentially and substantially the decedent, was the equivalent of a power to alter and amend the trusts. He supports this contention by the argument that a discretionary power of the character here involved is not subject to the control of the New York courts of equity. *In re Van Decar*, 49 Misc. 39; 98 N. Y. S. 309; *In re Hilton*, 174 App. Div. 193; 160 N. Y. S. 55; *In re Van Zandt's Will*, 231 App. Div. 381; 247 N. Y. S. 441; *In re Cowen's Estate*, 148 Misc. 35; 265 N. Y. S. 40; *In re Littman's Estate*, 165 Misc. 285; 300 N. Y. S. 398. Petitioners, however, contend that, where the right to invade the corpus is limited and restricted by fixed external standards, the rule adopted by the New York courts is that the invasion in such case is subject to their control. *In re Martin's Will*, 269 N. Y. 305; 199 N. E. 491. As Sur-

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, * * *

* * * * * * *

(d) REVOCABLE TRANSFERS.—
* * * * * * *

(2) TRANSFERS ON OR PRIOR TO JUNE 22, 1936.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke * * *

rogate Foley points out in the *Littman* case, *supra*, where the discretion is to apply so much of the income only as is needed for the support of the beneficiary, the courts are restricted in their jurisdiction to those cases where "bad faith, abuse of discretion, arbitrary action, fraud or diversion" is shown. But where, as here, the authorization to invade the principal is dependent on the needs of the income beneficiary, such courts may act without limitation. We are convinced that this is the New York rule and it is applicable here. Respondent concedes that, if this is so, the corpora of the trusts are not includible in the decedent's gross estate. We are not willing, however, to rest our decision on such concession. In any event, we think the issue here is controlled by the rationale of *Estate of Milton J. Budlong*, 7 T. C. 756, and cases therein cited, and *Jennings* v. *Smith*, 161 Fed. (2d) 74. In the latter case the Circuit Court of Appeals for the Second Circuit refers approvingly to the *Budlong* case, *supra*, and reaches a similar conclusion. It reversed the decision of the District Court as to the correctness of which we expressed doubt in the *Budlong* case. As we said in that case:

> * * * In such cases as *Blunt* v. *Kelly*, 131 Fed. (2d) 632; *Estate of Margaret P. Gallois*, 4 T. C. 480; *Estate of Ida Rosenwasser*, 5 T. C. 1043; and *Malcolm D. Champlin, Administrator*, 6 T. C. 280, where the trust instruments provided for the invasion of the corpus *for the benefit of the grantor* and some clear standard, such as "maintenance and support," "support, care, or benefit," "maintenance and comfort," or "comfort and maintenance," the trust corpus has been held taxable to the estate of the deceased grantor on the theory that he had an enforceable right to the corpus if need therefor should arise. On the other hand, where the trust instrument provided for invasion *for the benefit of the grantor*, yet no "external standard" was established and the invasion of the corpus rested in the absolute and uncontrolled discretion of the trustee, it has been held that the trust corpus is not taxable to the estate of the deceased grantor, because during his life he had no enforceable right to any part of it. *Commissioner* v. *Irving Trust Co.*, 147 Fed. (2d) 946. See *Estate of John J. Toeller*, 6 T. C. 832, in which the distinction between the two lines of cases is discussed at length.
>
> The situation we have before us is just the reverse of that in the cases cited in the preceding paragraph. Here the corpus is subject to invasion, not for the benefit of the grantor, but *for the benefit of persons other than the grantor*, i. e., the trust beneficiaries. And it is simply a power exercisable by the grantor as trustee under the terms of the instrument. In such a situation we think the reverse reasoning should apply. That is to say, where, as here, the trust instrument provides an "external standard which a court may apply in compelling compliance," *Commissioner* v. *Irving Trust Co.*, *supra*, so that the beneficiary of the invasion power has an enforceable right, the grantor does not have any real control of the corpus by virtue of the power, and it accordingly should not be taxed to his estate on that account alone. * * *

Here the corpora of the trusts with which we are presently concerned were invadable only for the benefit of life tenants, not the settlor. The "external standard which * * * [the] court may apply in

compelling compliance". was "the proper maintenance and support" of those income beneficiaries.

The respondent also refers to the "spendthrift" provision as rendering the transfers incomplete. No separate argument is made, nor are we referred to any decisions, basing taxability on discretionary powers in connection with "spendthrift" provisions. The discretionary powers in the "spendthrift" provisions in the trusts in question are contingent. The voluntary act of the beneficiary alone will give rise to their exercise. Cf. *Estate of Louis J. Kolb*, 5 T. C. 588. The power is unconnected with the life or death of the decedent settlor. No event giving rise to the exercise of the power arose during decedent's lifetime. The trusts construed in the *Budlong* case, *supra*, contained similar "spendthrift" provisions. We find no merit in respondent's contention as respects the "spendthrift" provision. We conclude, therefore, that the corpora of the trusts in question are not includible in the decedent's gross estate under section 811 (d) (2) of the Internal Revenue Code.

Reviewed by the Court.

*Decision will be entered under Rule 50.*