Estate of John A. Lucey, Deceased, Charles R. Lucey, William J. Mooney, and The Market Street National Bank of Philadelphia, Executors v. Commissioner.
Estate of John A. Lucey v. Commissioner
Docket No. 12161.
United States Tax Court
1947 Tax Ct. Memo LEXIS 47; 6 T.C.M. (CCH) 1162; T.C.M. (RIA) 47296; October 28, 1947
Edward J. Griffiths, Esq., 1802 Finance Bldg., Philadelphia, Pa., for the petitioners. William D. Harris, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $56,552.71 in estate tax. He included in the gross estate the value of property belonging to a trust created by the decedent on October 25, 1935. The respondent attempts to sustain that action upon one ground only, and the only issue for decision is whether that ground is a valid one. The facts have been stipulated. The estate tax return was filed with the collector of internal revenue for the first district of Pennsylvania. *48 [The Facts] The decedent created a trust on October 25, 1943 and named himself and the Pennsylvania Company for Insurances on Lives and Granting Annuities as co-trustees thereof. The trustees were to pay the income of the trust to the decedent's wife for life and thereafter in equal shares to the decedent's children, all of whom were adults at the time. The income payable to a child was to be paid to his issue in case he died while the trust continued. The trust was to terminate upon the death of the last surviving child at which time the corpus was to be distributed among the grandchildren per capita. The decedent was survived by his wife, four adult children, and twelve grandchildren, all of whom were living at the time he created the trust, and also by two great grandchildren who were born after the creation of the trust. The trust was irrevocable. It contained the following provisions: "The said Trustees are authorized and empowered in the event of any accident, illness or other emergency, to use for the benefit of any beneficiary, such portion of the principal of this trust estate as may be necessary and advisable, the same in case of any descendant of the Settlor to *49 be charged in ultimate distribution against his or her share of the principal of this trust estate. "Should any beneficiary hereunder at any time become mentally or physically incapacitated, the Trustees hereunder are authorized and empowered to use and expend that portion of the estate to which such beneficiary may be entitled, either principal or income, directly, in and about his or her maintenance and support without the intervention of a guardian or committee." [Opinion] The respondent contends that the two paragraphs quoted gave the decedent "the right to invade corpus and, accordingly, to shift the economic benefits of the trust to other children, grandchildren or great grandchildren, other than those to whom the benefits of the trust would accrue in the absence of the foregoing provisions." He attempts, to distinguish Estate of Milton J. Budlong, 7 T.C. 756, in which he made a similar contention unsuccessfully. The right to invade corpus in that case was in case of sickness or emergency. The Court held that such a provision did not constitute a power to alter, amend, or revoke within the meaning of section 811(d)(2), I.R.C. The difference *50 to which the respondent points is that in the Budlong case there were several separate trusts and nothing could be shifted from one trust to another, whereas in the present case there is only one trust. That difference does not distinguish the cases, however, because the point was made by the respondent in each that the grantor, as trustee, had a power to shift the economic benefits from one beneficiary to another within the same trust. It is held that the Commissioner erred in including this property in the gross estate on the ground stated. Estate of Milton J. Budlong, supra; Estate of Walter E. Frew, Deceased, 8 T.C. 1240; Jennings v. Smith, 161 Fed. (2d) 74. The respondent conceded another issue. Decision will be entered under Rule 50.