In a proceeding under article 79 of the Civil Practice Act for the construction of an inter vivos trust, and for other relief, petitioners appeal from so much of an order as construed the trust and referred certain issues raised by the objections to the successor individual trustee’s account to a referee to hear and determine. The trust was established by Cornelia Haven Peabody in 1918, for the maintenance and support of her children and grandchildren, her husband Stephen Peabody being named as sole trustee. While the grantor directed payment of income to be made to certain designated beneficiaries in specific amounts^ the trastee was given “absolute and -unrestricted power to fix from time to time, and to vary and change from time to time, in his discretion, the amount of the income to be paid to each of said beneficiaries, and like power to withhold all income from any one or more of said beneficiaries, and to apply and distribute the same to others of them.” In 1924, by agreement between the grantor and the trustee, the 1918 trust indenture was modified to provide, among other things, for the distribution of the corpus of the trust, upon its termination, in specified proportions among designated children and grandchildren or their descendants; and a trust company was designated to act as cotrustee with Stephen Peabody, Jr., the grantor’s son and an income beneficiary and remainderman, should the office of trustee filled by Stephen Peabody become vacant. If Stephen Peabody, Jr., for any reason, should become incapable of acting as individual trustee, the corporate trustee was authorized to select a lineal descendant of the grantor to act as successor individual trustee. The successor trustee was vested with all the rights, powers and duties of the original trustee and was not to be liable to any person interested in the trust estate “ except for bad faith or wilful default or gross negligence * * Stephen Peabody died on January 6, 1945, from which *906 time Ms son Stephen Peabody, Jr., succeeded him as sole trustee. The trust company failed to qualify. No lineal descendant of the grantor, not also an income beneficiary, is presently qualified to act as trustee. Petitioners, grandchildren of the grantor, contend in substance that Stephen Peabody, Jr., cannot exercise any part of the discretion given him to select the income beneficiaries and to determine the amount to be paid to each, while continuing as a beneficiary; that the power in trust is moperative until such time as a lineal descendant of the grantor, who is not one of the class of income beneficiaries, can legally qualify as successor trustee; and that until such time the income since the death of the deceased trustee belongs to the owners of the next eventual estate, under section 63 of the Real Property Law. The Special Term held that the power in trust granted to Stephen Peabody, Jr., by the 1924 amendment was a valid power ¿nd invalidated no part either of the amendment or of the 1918 trust indenture; that Stephen Peabody, Jr., was not as a matter of law disqualified from acting as trustee insofar as the other beneficiaries were concerned, but that as to him the court would undertake the execution of the power in trust and determine the share of income to be paid to him; that a corporate trustee should be appointed; that the issues raised by the objections to his account, with respect to losses on investments and allegations of bad faith and malice in his distribution of the income, should be referred to a referee to hear and determine; and that if it should be determined after the reference that Stephen Peabody, Jr., did not act in good faith in administering the trust or was grossly negligent therem, an application for his removal and for the appointment of a successor individual trustee could then be made. Order, insofar as appealed from, unanimously affirmed, with costs to all parties appearing on this appeal and filing briefs herein, payable out of the corpus of the trust fund. No opinion. Present — Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ. [198 Misc. 505.]