In the Matter of the Accounting of HANOVER BANK, as Surviving Trustee, and CECILE B. WERTHEIM et al., as Executors of MAURICE WERTHEIM, Deceased Trustee, under the Will of JACOB WERTHEIM, Deceased.

Surrogate's Court, New York County, February 5, 1954.

*Riegelman, Strasser, Schwarz & Spiegelberg* for surviving trustee and executors, petitioners.

*Joseph M. Hartfield* and *Kenneth C. Johnson* for Angelika W. Frink, respondent.

*Charles H. Lieb* and *Freda B. Stolz* for Anne W. Langman, respondent.

*Alexander Bicks,* special guardian for Thomas L. Langman and others, infants, respondents.

*Goldwater & Flynn* for Josephine W. Pomerance, respondent.

*William Saxe* for Jack Wertheim and another, infants, by Ruth Lyons, as general guardian, respondents.

FRANKENTHALER, S. The surviving cotrustee and the executors of the deceased cotrustee upon this application for the settlement of their intermediate account have asked for a determination of the scope of authority of the trustee.

Initially the trustees held all 1,000 shares of the capital stock of a real estate holding company which had been owned by the decedent. Subsequent devolution of 200 shares of the stock to each of two remaindermen, in accordance with the provisions of the will, has left 600 shares of stock in the corporation in the hands of the surviving trustee. One of the parcels of realty owned by the corporation is subject to a mortgage on which interest and amortization are payable annually. The trustee claims that the only practical source from which the amortization charges can be obtained is either out of the current income of the corporation or by loans made by the trustee and the other stockholders.

One of the questions presented for determination is whether the trustee owning stock control although not all the stock of the company may permit and acquiesce in the payment by the corporation of the amortization charges out of its income without violating the rule against accumulation of income.

Section 61 of the Real Property Law declares void all directions for the accumulation of rents and profits of real property, except as are allowed by statute, and many decisions, notably *Hascall* v. *King* (162 N. Y. 134) and *Appell* v. *Appell* (177 App. Div. 570, affd. 221 N. Y. 602), have construed the section to prevent fiduciaries from using income to amortize mortgage indebtedness on the property of the trust. It has also been held that a corporation whose stock is wholly owned by the trustee cannot use income to discharge indebtedness existing at the decedent's

death (*Matter of McLaughlin,* 164 Misc. 539; *Matter of Adler,* 164 Misc. 544). The life tenant contends that although the trustee here does not hold all the shares of stock, its ownership of the controlling interest in the company should have the same result. *Matter of Danziger* (58 N. Y. S. 2d 790, mod. and affd. 271 App. Div. 888), cited by the life tenant, is not in point because there the trustee held a one-half interest in the real estate directly, without the interposition of a corporate entity, at the date as of which the construction was sought. Consequently, the court there had little difficulty in finding that the trustee was required to account for one half of the net income from the property without reduction thereof on account of amortization payments.

This court is of the opinion that the rule applicable to the situation in which the trustee holds all the shares of the corporation should not be extended to a case where other persons own some of the corporate stock. Even where the trustee is the majority stockholder and in control of the board of directors, it owes a quasi-fiduciary obligation to the outside minority stockholders. The fact that the majority stockholder is a trustee whose actions are otherwise limited by section 61 should not prevent the corporation from using its income to discharge its debts. The subject of the trust is the shares of the corporation and not the property owned by the corporation, and except in unusual circumstances not here present the separate identity of the corporation from the trustee will be sustained (*Matter of Langdon,* 139 Misc. 379; *Matter of Doelger,* 254 App. Div. 178, affd. 279 N. Y. 646; *Boyle* v. *Boyle & Co.,* 136 App. Div. 367, affd. 200 N. Y. 597; *Matter of Woodin,* 186 Misc. 857, affd. 272 App. Div. 998; *Matter of Rogers,* 22 App. Div. 428, 437, affd. 161 N. Y. 108).

The court holds that the surviving trustee, as the owner of the majority but not all of the corporate stock, may permit the company to make mortgage amortization payments out of the income of the company without violating the provisions of section 61 of the Real Property Law.

A determination is sought also whether paragraph twenty-seventh of the will (as amended by the third codicil) which authorizes the surviving trustee to retain the property held in trust but which requires all new investments to be of a character permitted by law, precludes the trustee herein from making loans to the corporation in proportion to the trustee's stock interest, to the extent required to pay the amortization

charges. No party has objected to such authority in the trustee and numerous decisions sustain the right of trustees to make loans if necessary to preserve the estate's investment (*Matter of Crimmins,* 159 Misc. 499; *Matter of Schmutz,* 159 Misc. 454; *Matter of Chapal,* 269 N. Y. 464; 2 Scott on Trusts, § 176; 3 Bogert on Trusts and Trustees, § 603).

Accordingly, the court holds that the trustee, as the owner of the majority but not all of the corporate stock, may, without violating the provisions of paragraph twenty-seventh of the will, lend to the company, in proportion to the trustee's stockholdings therein, such sums as may be required by the company to be paid in reduction of principal of mortgages on the assets of the company.

After the report of the special guardian has been filed and objections to the account, if any, disposed of, the decree construing the will and settling the account may be submitted, on notice.

Proceed accordingly.